STATE OF NORTH DAKOTA v. WILLIAM HEISER and Daniel Heidt, Defendants, and Daniel Heidt, Defendant and Appellant.

(127 N. W. 72.)

**Criminal Contempt.**

1. Appellant was convicted in the district court of Stark county of a criminal contempt for violating an injunctional order enjoining him from maintaining a liquor nuisance in the city of Dickinson. He was sentenced to imprisonment in the county jail for the period of five months, and fined in the aggregate sum of $650, with a proviso that in the event of his failure to pay such fine he be imprisoned for the additional period of 100 days. Judge Burr, of the ninth judicial district, presided at the hearing of such contempt proceeding pursuant to the written request of Judge Crawford, of the tenth judicial district. Such request, omitting title and formal parts, is as follows: "You are hereby requested to act as district judge and take full charge of the above-entitled action, including all matters and contempt proceedings therein which are now in issue or which may hereafter be brought before you by any person, authority, or officer lawfully entitled to do so, or otherwise as law and justice may require. By the Court. W. C. Crawford, Judge."

The assignments of error challenge: (1) The jurisdiction of Judge Burr to hear and determine such contempt proceeding; (2) the sufficiency of the affidavits upon which the warrant of attachment was issued; (3) the authority of F. C. Heffron, as assistant attorney general, to institute and prosecute the proceeding; and (4) the validity of the judgment and sentence of the court.

*Held*, for reasons stated in the opinion, that each of such assignments are untenable.

Note.—On the question whether contempt for violating an injunction is civil or criminal, see note in 13 L.R.A.(N.S.) 591.

**Contempt — Jurisdiction of Outside Judge — "Proceeding Pending" — Contempt Proceedings Founded upon Main Action — Proceedings to Punish.**

2. While a criminal contempt proceeding in which a warrant of attachment is issued is an original special proceeding under the provisions of § 7555, Rev. Codes 1905, it is not, strictly speaking, an independent proceeding, as it grows out of and is, to a certain extent, connected with the proceeding in the main action. Such contempt proceeding is dependent, for its foundation, upon the proceedings in the main action and the violation of the injunctional order therein issued. The written request of Judge Burr is sufficiently broad to confer authority upon him to assume and exercise jurisdiction, not only in the main action wherein the injunctional order was issued, but in any contempt proceeding arising out of a violation of such injunctional order, and this, whether the contempt proceeding was pending or not pending at the date such request was made.

**Jurisdiction of Judges — Judge Sitting upon Written Request — Words and Phrases — "In Which Such Action or Proceeding Is at the Time Pending."**

3. Sec. 6765, Rev. Codes 1905, provides: "No judge of the district court shall hear or determine any action, special proceeding, motion or application, or make any order or give any judgment in any action or proceeding not pending in the judicial district for which he is elected, except in the following cases:. 1. Upon the written request of the judge of the district in which such action or proceeding is at the time pending." *Held,* construing said statute, that it was not the legislative intent thereby to restrict the jurisdiction of the judge thus requested to act in a district other than his own, to causes only which were then pending. The words "in which such action or proceeding is at the time pending," as used in the above section, were employed merely to designate the judge who could legally make such a request, and they have no reference to any particular subject-matter over which such requested judge may assume jurisdiction.

**Contempt — Sufficiency of Affidavit.**

4. The affidavits on which the contempt proceeding is based, examined and *held,* for reasons set forth in the opinion, to make out a prima facie case for the state.

**Officers — Attorney General — Scope of Powers — Constitutional Law.**

5. The attorney general, under the Constitution and existing statutes, has the undoubted authority, either personally or through his duly appointed assistants, to institute and prosecute persons for violating the prohibition law, and also to institute and prosecute for contempts growing out of violations of injunctional orders enjoining the maintenance of liquor nuisances. There is nothing to the contrary contained in the opinion in Ex parte Corliss,

16 N. D. 470, 114 N. W. 962, which case is distinguished from the case at bar in this point.

**Contempt Proceedings — Fine and Costs — Judgment — Discretion of the Court.**

6. The judgment appealed from is not vulnerable to attack upon either of the grounds urged, which are, first, that such judgment designates the time when the imprisonment shall commence, whereas the sentence orally pronounced fails to make such designation, and, second, that the judgment is excessive as to the fine imposed. The fact that a portion of the fine consists of the costs is not material, provided the total fine imposed does not exceed the fine permitted by statute. Trial courts are vested with an absolute discretion in fixing punishment in these cases so long as they keep within the limits prescribed by statute. In imposing a fine of $500 and the costs taxed at $150, it was clearly the intention of the court to impose an aggregate fine of $650. Such a fine is within the maximum limit fixed by statute.

Opinion filed June 3, 1910. Rehearing denied June 21, 1910.

Appeal from District Court, Stark county; *A. G. Burr,* Special Judge.

Defendant Daniel Heidt was convicted of criminal contempt for the violation of an injunctional order enjoining him from maintaining a liquor nuisance. From a judgment of conviction he appeals.

Affirmed.

*McFarlane & Murtha, W. F. Burnet, H. C. Berry,* and *L. A. Simpson,* for appellants.

*Andrew Miller,* Attorney General, *Alfred Zuger, C. L. Young,* and *F. C. Heffron,* assistants, for respondent.

FISK, J. This is an appeal from a judgment of the district court of Stark county adjudging appellant guilty of contempt of court in violating an injunctional order duly and regularly issued and served upon appellant in an action commenced in that court on June 1, 1909, for the purpose of enjoining defendant and others from maintaining a liquor nuisance upon certain premises in the city of Dickinson. By such judgment appellant was sentenced to imprisonment in the county jail for the period of five months and fined in the sum of $500, and costs taxed at $150. In default of payment of such fine and costs, he was adjudged to be confined in such jail for the additional period of not

exceeding 100 days. No point is made as to the sufficiency of the proceedings in the main action, the appellant admitting the pendency of such action and the issuance and service of the injunctional order. On July 20, 1909, the Honorable W. C. Crawford, judge of the tenth judicial district, wherein such action was pending, made the following written request directed to the Honorable A. G. Burr, judge of the ninth judicial district (omitting the title):

"You are hereby requested to act as district judge and take full charge of the above-entitled action, including all matters and contempt proceedings therein which are now in issue or which may hereafter be brought before you by any person, authority, or officer lawfully entitled to do so, or otherwise as law and justice may require.

"Dated July 20, 1909.

"By the Court,

"W. C. Crawford, Judge."

Thereafter and on July 22d the following affidavits, omitting formal parts, were presented to Judge Burr, at Rugby:

"F. C. Heffron, being first duly sworn, does upon oath depose and say that he is assistant attorney general of state of North Dakota; that on the 1st day of June, 1909, as such officer, in the name of the State of North Dakota, ex rel., F. C. Heffron, Assistant Attorney General for the State of North Dakota, as plaintiff, he brought an action against William Heiser, Daniel Heidt, and Mary Willard, of Stark county, North Dakota, praying that the court grant judgment that the intoxicating liquor business carried on by the defendants be adjudged a common nuisance, and that the same be abated in due form of law, and that the defendants, their clerks, servants, agents, and employees, be permanently enjoined from in any manner, personally or otherwise, on the following described premises, within the county of Stark and state of North Dakota, to wit, lot 4 in block 2, town of South Dickinson, and in the buildings thereon, known as Heiser & Heidt saloon, selling or otherwise unlawfully disposing of intoxicating liquors, or being in any manner illegally concerned, engaged, or employed in keeping said liquors for sale, or keeping and maintaining a place where persons can resort for the purpose of drinking intoxicating liquors as a beverage; and that on the 9th day of June, 1909, the Honorable W. C. Crawford, Judge of the Tenth Judicial District

Court of Stark county, State of North Dakota, granted an injunction running to the said William Heiser, Daniel Heidt, and Mary Willard, their clerks, servants, agents, and employees, and each of them, be restrained and enjoined, during the pendency of such action and until the further order of the court, from selling, keeping for sale, giving away, or otherwise unlawfully holding or disposing of intoxicating liquors as a beverage, or keeping and maintaining a place where persons can resort for the purpose of drinking intoxicating liquors as a beverage, in said county of Stark in the state of North Dakota, at the premises aforesaid; that the summons, complaint, affidavit, and order containing said injunction was duly served on said William Heiser and Daniel Heidt at Dickinson, in Stark county, state of North Dakota, on the 9th day of June, 1909, by the sheriff of Stark county, state of North Dakota, as appears by the return of said sheriff now on file in the office of the clerk of the district court in and for said county.

"The affiant is informed and believes said William Heiser and Daniel Heidt have disregarded said injunctional order and disobeyed the mandate of the court herein, in this, to wit:

"That on the 3d day of July, 1909, on the premises aforesaid, they sold beer to one J. C. Lemarr, to be drank upon the premises where sold, and between June 9, 1909, and July 19, 1909, kept a place at and upon the premises aforesaid for persons to resort for the purpose of drinking intoxicating liquors as a beverage, affidavits as to such violating being hereunto attached, marked Exhibit A and made a part hereof; and have sold intoxicating liquors to divers persons on said premises since June 9, 1909; that said injunctional order so made, as aforesaid, has not been dissolved or modified.

"The said action of the said Daniel Heidt and William Heiser has a tendency to embarrass, hinder, and obstruct this court in the discharge of its duties, and to bring the authority of the same into contempt.

"Affiant therefore asks this court, or the judge thereof, to issue an attachment to the sheriff of said Stark county, North Dakota, commanding him to forthwith arrest the said William Heiser and Daniel Heidt, and bring them before this court at such time and place as he may direct."

Duly subscribed and sworn to.

"I, J. C. Lemarr, of lawful age, being first duly sworn, says: I know the defendants, William Heiser and Daniel Heidt, I have seen them at their place of business; their business is that of liquor dealers in the city of Dickinson, in the county of Stark, and state of North Dakota, at lot 4, block 2, town of South Dickinson, and in the buildings thereon commonly known as Heiser & Heidt's saloon. I was at their place of business July 3, 1909, at which time and in which place I bought beer which was intoxicating liquor, and drank it on said premises; at the same time I saw others drinking intoxicating liquors on said premises; I also at said time and on said premises saw intoxicating liquors kept for sale, and saw the same sold and drunk upon said premises. At said time and at sundry and divers times since that date I have seen divers persons resort and assemble together on said premises for the purpose of drinking intoxicating liquors as a beverage, and while then and there so congregated did drink intoxicating liquors. The property which I saw there kept in furtherance of the sales and drinking intoxicating liquors aforesaid is more fully described as follows: Bar, back bar, tables, chairs, bottles, and glasses."

Duly subscribed and sworn to.

Upon the affidavits aforesaid Judge Burr issued an attachment commanding the sheriff of Stark county to forthwith arrest the defendants as prayed for. Pursuant thereto the defendants, William Heiser and Daniel Heidt, were arrested and taken before Judge Burr at the city of Dickinson on August 3, 1909. Thereupon the defendants moved to quash such attachment proceedings on the following grounds:

First. That the affidavits upon which the said warrant of attachment was issued are fatally defective in this, that they fail to make out a prima facie case for the state as required by law.

Second. That part of the material and necessary allegations in the affidavit of F. C. Heffron, the same being the part wherein the said defendants and each of them are charged with violation of the injunctional order, is made upon information and belief, and is not corroborated by the affidavit of J. C. Lemarr or otherwise; that said affidavit fails to state that the defendants have personally violated the injunction or knowingly permitted its violation by others.

Such motion was overruled, to which defendants excepted. Thereupon they answered admitting the pendency of the main action and the

service of the injunctional order upon them as alleged, but denying the other facts stated in said affidavits. As a further answer they allege that Judge Burr was without jurisdiction in the contempt proceedings, for the alleged reason that such contempt proceedings were not pending at the date Judge Crawford made the request to Judge Burr to assume jurisdiction as aforesaid; also that F. C. Heffron, who assumed to act as assistant attorney general in such proceedings, is not authorized to thus act under the Constitution or laws of this state. They also attack in the answer the sufficiency of such affidavits as well as the truth of the facts therein stated. Such answer was duly verified by both Heiser and Heidt.

All of the objections to the regularity and validity of the contempt proceedings, as stated in the answer, were overruled, and defendants excepted. Defendant Heiser was acquitted of the contempt charged. Defendant Heidt orally plead not guilty. The court heard testimony over the objection of defendant Heidt, and at the conclusion thereof found him guilty of violating the injunctional order, as charged, and on August 7, 1909, entered the judgment appealed from.

Appellant assigns error as follows:

"1. The Honorable A. G. Burr had no jurisdiction to issue the warrant of attachment herein or to try or hear or determine this contempt proceeding, this proceeding not being pending when Judge Burr was requested to act.

"2. That the affidavits upon which the warrant of attachment is issued do not make out a prima facie case for the state.

"3. F. C. Heffron, claiming to act herein as assistant attorney general, had no authority to institute or prosecute this proceeding.

"4 The oral judgment and sentence of the court is void for uncertainty, it fixing no time when the imprisonment is to commence; and the written judgment and sentence of the court is void because it is inconsistent with the oral judgment and sentence of the court.

"5. That part of the judgment requiring appellant to pay the cost of this proceeding in addition to the fine imposed is void, there being no provision for costs against the contemner in a criminal contempt in this state."

These assignments will be noticed in the order presented.

1. As to the jurisdiction of Judge Burr to issue the warrant of

attachment and to preside at the trial in the contempt proceedings, we think there is no room for serious debate. While, as appellant contends, a criminal contempt proceeding wherein a warrant of attachment is issued is an original special proceeding under the provisions of § 7555, Rev. Codes 1905, it cannot be correctly said to be wholly an independent proceeding, as it grows out of and is, to a certain extent, connected with the proceedings in the main action. It is only by virtue of the proceedings in the main action that this special proceeding can originate. It is dependent for its foundation upon the proceedings in the main action and the violation of the injunctional order therein issued.

The essence of the contempt consists in the violation of the mandate of the judgment in the main action. We cannot assent to appellant's contention that Judge Burr, by force of the above-written request of Judge Crawford, acquired no jurisdiction to hear and determine the contempt proceeding. Conceding for the purpose of argument that such proceedings were not pending at the date of such request, we think the necessary legal effect of the transfer to Judge Barr of jurisdiction over the main action was to confer upon him power and jurisdiction over contempts theretofore or thereafter committed arising out of violations of the mandate of the court in such main action. It is conceded that the scope of the request is sufficiently broad to thus operate but it is argued that, until the contempt proceedings were instituted and pending, there existed no legal authority to transfer the same to another judge. Our attention is directed to the case of Kirk v. Milwaukee Dust Collector Mfg. Co. 26 Fed. 501, being a decision of the circuit court, eastern district of Wisconsin, but we do not deem said case at all in point. That was a case involving a removal from a state to a Federal court, an entirely different proposition, and it was very properly held that by the removal of the main action from the state court the Federal court acquired no jurisdiction to hear and determine "a pending and unadjudicated contempt proceeding." Very satisfactory reasons are given by the court for such holding, but we find nothing therein contained which tends in any degree to support appellant's contention in the case at bar. There the contempt proceedings were pending at the time of the removal of the main action to the Federal jurisdiction. Here the exact reverse is claimed to be

true. There the action was removed to another court and jurisdiction. In the case at bar there was a mere change of judges, the same court, to wit, the district court of the tenth judicial district, retained jurisdiction of the cause, both as to the main action and the contempt proceedings, there being not even a change of venue of the action. Widely different principles are involved in the case at bar than were involved in the above-cited authority. But it is contended that under subdivision 1 of § 6765, Rev. Codes 1905, Judge Crawford could not confer upon Judge Burr power to act until such time as the contempt proceedings became "pending." The section, so far as material, reads: "No judge of the district court shall hear or determine any action, special proceeding, motion, or application, or make any order or give any judgment in any action or proceeding not pending in the judicial district for which he is elected, except in the following cases: 1. Upon the written request of the judge of the district in which such action or proceeding is at the time pending."

We think counsel's construction of this section altogether too narrow. By the use of the words, "in which such action or proceeding is at the time pending," it was not the legislative intent to restrict the jurisdiction of the judge thus requested to act in a district other than the one in which he is elected, to causes only which were then pending. Such words were there employed merely to designate what judge could legally make such request, and they have no reference to any particular subject-matter over which such requested judge may take jurisdiction.

2. It is appellant's second contention that the affidavits upon which the attachment was issued do not present a prima facie case for the state. Such contention is based solely on the assumption, which we think unwarranted, that the averment in the affidavit of the assistant attorney general, to the effect that the injunctional order had not been dissolved or modified at the date such affidavit was made, was not positive, but merely on information and belief, the affidavit of Lemarr being silent upon this point. Assuming for the sake of argument the necessity for an averment that the injunctional order has not been dissolved or modified, we are entirely clear that the affidavit, on this point, is positive, and not merely on information and belief. By the clear language of the affidavit the only matters stated on information

and belief are those relating to defendant's specific acts constituting violations of the injunctional order. The mere fact that the averment "that said injunctional order so made, as aforesaid, has not been dissolved or modified," is disconnected from such other relations only by a semicolon, is in no manner controlling. The matters intended to be stated on information and belief are, by specific language, restricted to acts pertaining to violations of the injunctional order, they having no reference to the fact as to whether such order was still in force. The latter averment is wholly foreign to the subject-matter of the former, and should be construed the same as if wholly separated therefrom. Substance—not mere form—must be looked to and given controlling effect. What we have here said clearly differentiates from the case at bar the case of State v. Newton, 16 N. D. 151, 112 N. W. 52, 14 A. & E. Ann. Cas. 1035, cited by appellant. A comparison of the affidavit in that case with the one here in question will, we think, suffice to demonstrate the correctness of our views above expressed. We conclude, for the above reasons, that appellant's second contention must be overruled.

3. Under his third assignment appellant challenges the authority of F. C. Heffron to prosecute these proceedings. The line of argument seems to be that the attorney general is without legal authority to appoint an assistant for the purpose of instituting and prosecuting injunctional proceedings and proceedings to punish as for contempt, violations of injunctional orders, restraining and enjoining the maintenance of liquor nuisance, under the so-called prohibition statute. Such contention is devoid of merit. The attorney general is a constitutional officer. He is the law officer of the state and the head of its legal department. His duties are prescribed by the legislature. When the nature and objects of his office are considered there can be no doubt of the constitutional power of the legislature to impose on him the duties enumerated in § 9372, Rev. Codes, 1905, relative to the enforcement of the prohibition law under the restrictions and limitations therein mentioned. Having such power it necessarily follows that like duties may be imposed upon his assistants, if, in its wisdom, the legislature deems it expedient so to do. Such legislative power was expressly recognized by this court, both in the majority and minority opinions in the recent case of State ex rel. Miller v. District

Ct. — N. D. —, 124 N. W. 417. It was there conceded that the legislature has the constitutional power to confer upon the attorney general the right in his discretion to supplant state's attorneys or to assist them in the institution and prosecution of criminal cases. The question, on which the court divided, was whether the legislature had either expressly or impliedly conferred such right in the particular instances and with reference to the particular duties there in question. The case of Ex parte Corliss, 16 N. D. 470, 114 N. W. 962, is cited by appellant's counsel in support of their contention. That case is in no respect in point and furnishes no light on the question here presented. It was there merely held that the legislature is without power to provide for appointive officers, and in effect permit them at will to supplant certain constitutional officers elected by the people in the discharge of duties belonging thereto. The attorney ·general is a constitutional officer elected by the people, and, as before stated, is the head of the legal department of the state, and he occupies a widely different position with reference to the enforcement of criminal statutes than a mere appointive officer would occupy. Any duties which he may perform personally may of course be performed by his regularly authorized assistants. In providing in the Constitution for the election of such officer, the people no doubt contemplated that duties of such a character might be conferred by the legislature upon him and his duly appointed assistants. The distinction between the principle here involved and that involved in Ex parte Corliss is manifestly clear.

That Mr. Heffron was the duly appointed and authorized assistant attorney general throughout these proceedings is positively sworn to by him, and furthermore such fact will be presumed in the absence of proof to the contrary, and none exists.

4. The remaining assignments challenge the validity of the judgment upon two grounds, neither of which we deem tenable, or deserving of extended consideration. It is said that the judgment is void because it designates the time when the imprisonment should commence as "at noon to-day," and in this respect it does not conform with the sentence of the court as orally pronounced, which failed to designate any time. We are unable to discover any merit whatever to such contention. It is next asserted that the judgment is excessive

to the extent of the costs taxed at $150. These were imposed as a part of the fine. The maximum fine permissible under the statute is $1,000. The judgment herein imposed a fine of $500 and costs amounting to $150, making a total of $650. The judgment cannot be held excessive. The fact that a portion of the fine consists of costs is not material, provided the total fine does not exceed the amount permitted by statute. Trial courts are vested with an absolute discretion in fixing the punishment in these cases, so long as they keep within the limits prescribed by law. The judgment is no more objectionable than it would have been had the fine read "$650," instead of reading as it does. The intention of the court no doubt was to impose by way of fine the payment of $650.

Finding no error in the record the judgment is affirmed. All concur. ELLSWORTH, J., concurring specially.

SPALDING, J. I concur without expressing any opinion as to any distinction between this case and Ex parte Corliss cited.

ELLSWORTH, J. (concurring specially). While I concur in the result and generally in all points passed upon by the foregoing opinion on the point of the jurisdiction of Judge Burr to act in the case at bar, I limit my concurrence to the holding that the order made by Judge Crawford sufficiently described the action or proceeding in which he was requested to act; and, that the proceeding in question arising as it did out of and depending for its existence upon an action pending in the district court of the tenth judicial district, may be regarded as a pending action within the meaning of § 6765, Revised Codes 1905. This, together with the fact that as Judge Burr was in any event unquestionably acting as judge *de facto* of the tenth judicial district, his judgment was merely voidable, and not void, and that no attack upon it has been made as provided by § 6766, Revised Codes 1905,—is, I think, sufficient to warrant the result announced by the opinion. The following language used in the opinion in construing § 6765, I consider *dicta* and entirely unnecessary to a decision of the point presented and an expression which I cannot accept in any part. "We think counsel's construction of this section altogether too narrow. By the use of the words, 'in which such action or proceeding is at the

time pending,' it was not the legislative intent to restrict the jurisdiction of the judge thus requested to act in a district other than the one in which he is elected, to causes only which were then pending. Such words were there employed merely to designate what judge could legally make such request, and they have no reference to any particular subject-matter of which such requested judge may take jurisdiction." I believe that the jurisdiction conferred by such request on a judge from another district than that in which the action is pending is limited by express terms of § 6765 preceding subdivision 1, as well as by the terms of this subdivision, to a case or cases particularly described in the request then pending in the district in which the outside judge is requested to act; and that the words, "is at the time pending," refer directly to the action of which jurisdiction is intended to be conferred. A blanket request made to a judge of a district not adjoining, to act generally in any cases not pending or not particularly described, does not, as I construe it, confer jurisdiction to act under subdivision 1 of § 6765.

## On Petition for Rehearing.

Appellants have petitioned for a rehearing upon several grounds. The last ground urged, and the only one which we deem it necessary to notice, pertains to the latter portion of the opinion wherein the imposition of costs in addition to the fine is sustained upon the theory that such costs were imposed as a part of the fine. We are convinced that the ultimate conclusion that the costs were properly assessed is correct, but upon more mature deliberation we have concluded to modify the opinion in so far as the reasons given for sustaining such costs are concerned, and to place our decision on this feature of the case solely upon the ground that the court had the right to impose payment of the costs in addition to the fine. The supreme court of Kansas has expressly so held under a statute identically like § 9374, Rev. Codes 1905. State ex rel. Curtis v. Durein, 46 Kan. 695, 27 Pac. 148.

We think the reasoning of the Kansas court on this question is sound. See also 9 Cyc. Law & Proc. p. 54, and cases cited.

The original opinion is accordingly modified in this respect and petition for rehearing denied.