## STATE OF NORTH DAKOTA EX REL. S. S. McDONALD, Plaintiff, v. J. M. HANLEY, District Judge, Defendant.

(175 N. W. 569.)

**Prohibition — writ of prohibition will issue only when proceedings are outside of or in excess of jurisdiction.**

1. A writ of prohibition will issue to arrest the proceedings of a tribunal, corporation, board, or officer only when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person; and when there is no plain, speedy, and adequate remedy in the ordinary course of law. Comp. Laws 1913, §§ 8470, 8471.

**Prohibition — judges — jurisdiction of district judges — can act in another district on request.**

2. In this case it is *held*, for reasons stated in the opinion, that it was not an act without or in excess of jurisdiction for the defendant, Judge Hanley,— one of the judges of the sixth judicial district,—to act as judge of the fourth judicial district upon and pursuant to the written request of one of the judges of said fourth judicial district.

Opinion filed October 31, 1919.

Original application for a writ of prohibition by S. S. McDonald against J. M. Hanley, Judge of the Sixth Judicial District, acting Judge of the Fourth Judicial District.

Writ denied.

*Wm. Lemke* and *L. J. Wehe,* for relator.

*Wm. Langer,* Attorney General, and *F. E. Packard,* Assistant Attorney General, for defendant.

CHRISTIANSON, Ch. J.    This is an application for a peremptory writ of prohibition against the defendant, J. M. Hanley, acting as judge of the district court of Burleigh county.   The application for the writ is made by one of the members and in behalf of the Workmen's Compensation Bureau.   It is averred that the said defendant, purporting to act as judge of the district court of Burleigh county, has issued an order to show cause in a proceeding pending in the district court of said county.   It further averred that Burleigh county

is situated in the fourth judicial district; that said defendant is not one of the judges of said district, but is one of the judges of the sixth judicial district in this state, and has no authority to act in the fourth judicial district. The petition further avers that said defendant was not acting by virtue of or pursuant to a written request from either of the judges of said fourth judicial district. The return filed by the defendant, however, shows the latter averment to be incorrect. It appears from said return that the defendant was acting as judge of the district court of Burleigh county by virtue of a written request from Judge Nuessle, one of the judges of the fourth judicial district.

A writ of prohibition will issue to arrest the proceedings of a tribunal, corporation, board, or person, only when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person (Comp. Laws 1913, § 8470), and when there is no plain, speedy, and adequate remedy in the ordinary course of law (Comp. Laws 1913, § 8471).

Our Constitution provides that, except as therein otherwise provided, the district courts shall have original jurisdiction of all causes both at law and equity, and that they and the judges thereof shall have jurisdiction and power to issue original and remedial writs, with authority to hear and determine the same. N. D. Const. § 103.

Our statute provides: "All orders made, judgments given or other acts done by any judge of the district court in any action, special proceeding or other matter, civil or criminal, shall be deemed and held to be the orders, judgments and acts of the court, and the several judges of the district court shall have jurisdiction throughout the state to exercise all the powers conferred by law upon the district court or judges thereof, subject to the limitations in this article provided." (Comp. Laws 1913, § 7352.)

"No judge of the district court shall hear or determine any action, special proceeding, motion or application, or make any order or give any judgment in any action or proceeding not pending in the judicial district for which he is elected except in the following cases:

"1. Upon the written request of the judge of the district in which such action or proceeding is at the time pending." (Comp. Laws 1913, § 7353, subd. 1.)

"No order or judgment given by the judge of any district contrary

*to the limitations of the preceding sections shall for that reason be void,* but such order or judgment may be vacated upon application within thirty days from the time the same shall have been made or given to the judge of the district in which the action or proceeding in which the same was made or given is pending, and if appealable, by the supreme court on appeal." (Comp. Laws 1913, § 7354.)

Under these statutory provisions the action of the defendant was not without or in excess of jurisdiction. Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491; State v. Heiser, 20 N. D. 357, 127 N. W. 72. Hence, if these provisions are in force the writ must be denied. But the relator contends that these provisions are no longer in force; that they are inconsistent with and were impliedly repealed by Senate Bill No. 1, and House Bill No. 124, Laws 1919.

Senate Bill No. 1, as declared in its title and as evidenced by its contents, is an act to amend and re-enact § 7664, Comp. Laws 1913, relating to a change of judges in civil actions in the district courts on the ground of prejudice of the judge of the district court wherein the action is pending. The only material change made by the new law is: Under the old law the district judge against whom an affidavit of prejudice was filed designated the district judge to sit in his place; under the new law the district judge to be called in is designated by the supreme court. There is nothing in the new law which in any manner prohibits judges from acting in a different district from that in which they are chosen. On the contrary the act expressly recognizes the right of the supreme court to call a judge from another judicial district if it sees fit to do so. See § 4, Senate Bill No. 1, Laws 1919.

House Bill No. 124, Laws 1919, provides for redistricting the state into judicial districts, and matters incidental to such redistricting. Under the former laws of this state there were twelve judicial districts with one judge in each district. House Bill No. 124 divides the state into six judicial districts, with two or more judges in each district. It authorizes the supreme court to fix the location of the chambers of the district judges, provide for the terms of court, and prescribe rules of procedure therein. House Bill No. 124, Laws 1919, does not directly or by implication say that actions must be tried in the judicial district in which they are commenced. On the contrary § 7 of the act provides: "Change of venue may be taken from one judge to

another in the same district, *or in another district,* or from one county to another, *or from one district to another,* as is now or may hereafter be provided by law." We find nothing in the act indicating any intention on the part of the legislature to say that a judge in one district shall be disqualified from acting in another district. Nor is anything said indicating any intention that a judge chosen in one district may not properly be called into another district.

Whatever conflict there may be between House Bill No. 124, Laws 1919, and §§ 7352, 7353, and 7354, Comp. Laws 1913, arises by reason of the power conferred upon the supreme court by the latter enactment. If the prior statutes are repealed it is because the power to regulate the functions therein prescribed has been conferred upon the supreme court, and for no other reason. This court has not up to this time made any order changing the procedure theretofore existing in the district courts. On the contrary this court did on August 5, 1919, enter an order that until the further order of this court:—

1. The terms of court in each of the counties of the state continue as heretofore or now established and prescribed by statutes, or special terms heretofore designated or ordered by the district courts be continued as so established and ordered.

2. That in each of the judicial districts as now established by law the rules of procedure which heretofore obtained in the twelve judicial districts of the state shall remain in force in each of the various judicial districts as now established by law as they theretofore obtained therein.

The purpose of this order was to preserve the procedure formerly existing so far as it was possible to do so, until this court might formulate such new rules as it deemed necessary and expedient.

It follows from what has been said that the defendant was not acting without or in excess of his jurisdiction in the proceeding in question. The writ of prohibition must therefore be denied. It is so ordered.

ROBINSON and BIRDZELL, JJ., concur.

BRONSON, J. (dissenting). This is an original application to this court to prohibit a district judge of the sixth judicial district from acting

as a judge of the district court in the fourth judicial distrct. On August 25, 1919, Judge Hanley, of the sixth judicial district, issued an order to show cause in the district court, Burleigh county, of the fourth judicial district, acting in behalf of and at the written request of Judge Nuessle, a judge of such fourth judicial district. The order issued involves an application for a peremptory writ of mandamus to compel the Workmen's Compensation Bureau to permit the state auditor to examine and inspect the books, records, and documents of such bureau.

This proceeding challenges the authority of Judge Hanley to so act as judge and to determine the proceedings involved in the district court of the fourth judicial district.

The respondent judge bases his right to so act under the provisions of § 7353, Comp. Laws 1913, in connection with the general jurisdiction conferred upon district judges by the Constitution, § 103 and §§ 7349, 7350 and 7352, Comp. Laws 1913. Section 7352, Comp. Laws 1913, provides as follows:

"No judge to act on matters not pending in his district. Exceptions. No judge of the district court shall hear or determine any action, special proceeding, motion or application, or make any order or give any judgment in any action or proceeding not pending in the judicial district for which he is elected excepting in the following cases:

"1. Upon the written request of the judge of the district in which such action or proceeding is at the time pending.

"2. When, upon the application of either party to such action or proceeding and upon due notice to the opposite party, if he shall have appeared and is entitled to such notice, it shall be made to appear by affidavit to the satisfaction of such judge who shall have power to hear and determine such preliminary application, that the judge of the district in which such action, proceeding, motion or application is pending or about to be commenced, is absent from his district, or incapacitated or disqualified to act therein, such application shall be made only to the judge of a district adjoining that in which such action or proceeding is pending, and upon the hearing thereof counter affidavits may be used."

There is no question concerning the right or authority of such district judge so to act prior to July 1, 1919. Prior to such time there existed in this state twelve judicial districts, with one judge in each

district as sole judge thereof. Prior to such time no judicial action in the district court could take place in any one district other than through the acts of such judge thereof, unless a judge of another district was called in by written request of such judge or an application was made as provided in § 7353 to a judge of another district when the judge of the resident district was disqualified or incapacitated.

The legislative assembly of 1919, however, by an act approved January 27, 1919, known as Senate Bill No. 1, provided for calling in a judge of another judicial district through an affidavit of prejudice filed, after issue joined and before the opening of a term of court, and requiring this court to designate the district judge in the place and stead of the judge disqualified. This act was followed by the judicial redistricting bill approved March 3, 1919, known as House Bill No. 124.

This act entirely changes the judicial districts in the state, reducing the number from twelve to six and increasing the number of judges therein from one to two or three. The act also provides that the business of the district court may be divided between the judges and otherwise regulated as this court by order shall direct, and further that this court may adopt uniform rules of procedure for all of the district courts of the state. The act further provides that change of venue may be taken from one judge to another in the same district or in another district, or from one county to another, or from one district to another, as may be provided by law. This act repealed all acts or parts of acts inconsistent therewith. The specific question therefore involved is whether now a district judge may call, upon his written request, a judge of another judicial district, or whether such § 7353 is repealed in terms by said judicial redistricting bill. It is clear that the second subdivision of said § 7353 cannot now remain in force without running contrary to the intent and purpose and provision in the new redistricting bill. Under the provisions of said subdivision 2 of said § 7353 there arises neither an occasion nor a reason for making application to a judge of an adjoining judicial district when one of the judges in the resident judicial district is for any reason disqualified or incapacitated. Plainly in such event there is either one or two judges still available within the district for purposes of considering the instituting or hearing of necessary and proper judicial proceeding. Likewise, under the

provisions of subdivision 1, § 7353, if one judge in a district may call, upon his written request, a judge of another judicial district, upon a matter pending or about to be pending before him, there is no reason why under such provision the other two judges might not likewise make a written request for a judge of another judicial district to be called in for the consideration of the very matter which is then pending or about to be pending before a judge who had not made such written request. Furthermore, if it is now possible for each of the district judges of the state to call in another judge upon his written request at any time, upon a matter pending, or about to be pending, the power of this court, under the new redistricting bill, to arrange the terms of the district court, the chambers of each of the judges, and the business of each of the judges in their respective districts, would be infringed upon and perhaps rendered nugatory. Plainly the intent and purpose of § 7353 was to make it possible for a court to act in a judicial district when the sole judge thereof was for any reason incapacitated or disqualified. The reason for that statutory rule has now ceased. Under the present law each of the judges of the enlarged judicial districts possess all of the authority and power he formerly had in the district in which he was the sole judge. There is neither any occasion nor any reason now of calling in a judge of another judicial district if one judge therein is disqualified; the disqualification of one judge does not disqualify all of them. The others may act and have, under the law, the duty and authority so to do. It is clear that § 7353 referred to a condition or situation under the old law where there was only one judge in each district. Whether if all of the judges in the new judicial districts became disqualified it would be within their powers as judges of the district court or within the power of this court under the new law to call in a judge of another judicial district to act is not presented for decision to this court. The fact that this court by order has continued the old rules of court as they formerly existed in the individual judicial districts, and the terms of court as heretofore, does not thereby re-enact § 7353 as a rule of court or as a statutory provision. It is very evident that the new legislation enacted in 1919 intended to supplant the method by which formerly one district judge when disqualified could call in another judge at his own election, and to provide a means and a method of

securing a district judge for the trial of cases without either the suggestions or the election of the district judge who was disqualified or became so disqualified by application of the parties.  In this matter the respondent district judge specifically relies for his authority upon the provisions of § 7353, and contends that the same has not been repealed.  It is a familiar principle of law in statutory construction that the latest legislative expression repeals prior repugnant and inconsistent statutory provisions.  It is plain indeed that subdivision 2 of said § 7353 is inconsistent and is repealed.  It further appears likewise plain that subdivision 1 of such section is likewise inconsistent and repugnant to the objects and purposes sought to be accomplished by the new redistricting bill, and by the specific provision thereof which expressly repeals inconsistent prior acts.  It therefore follows that the district judge of the sixth judicial district had no authority or right to issue the order to show cause involved herein.  A peremptory writ should therefore issue.

GRACE, J., concurs in the dissent.