BESSIE SMITH, Formerly Bessie King, Petitioner, v. GROVER KING, Myron King and Mrs. Myron King, Respondents.

(227 N. W. 228.)

Opinion filed October 22, 1929.

*Lemke & Weaver,* for petitioner.
*W. M. Anderson,* for respondents.

NUESSLE, J. The petitioner Bessie Smith, formerly Bessie King, seeks from this court a writ of habeas corpus to enable her to obtain the custody of her two minor children.

It appears that the petitioner and Grover King were husband and wife residing in Ramsey county in the second judicial district. They had marital difficulties. Petitioner sued for a divorce in Ramsey county. Judge Buttz, the district judge residing in that county and before whom the case was set for trial, considered himself disqualified to act and made a written request to the Honorable John C. Lowe, judge of the adjoining fifth judicial district to sit in his place and stead and try the case. The case came to trial before Judge Lowe. In April, 1927 Judge Lowe ordered judgment in favor of the petitioner and awarded her the custody of the two minor children of the marriage and judgment was entered accordingly in May, 1927. This judgment, however, expressly provided that the question of alimony and support money should be held open subject to the further order

of the court. In October, 1927, pursuant to the order of Judge Lowe all the parties appeared before him at Devils Lake in the second district and after a hearing he made an order fixing the amount of support money and counsel fees that the defendant was required to pay to the petitioner. In September, 1928, petitioner applied to Judge Lowe for a modification of the decree with respect to the amount of support money to be paid by the defendant. No requests other than the one originally made by Judge Buttz to Judge Lowe to act in the case were ever made by Judge Buttz or either of the other judges of the fourth district. Judge Lowe heard the application at Devils Lake. All parties were present before him. A full hearing was had and he made an order modifying the judgment and order theretofore entered, increasing the amount of the support money required to be paid by the defendant, and providing that the petitioner should have the custody of the children during the school year and that during the vacation months the defendant, their father, might have them in his custody at his parental home. No exception to or appeal from this order was taken. Apparently it was complied with. In June, 1929, after the close of the school year the petitioner again applied to Judge Lowe for a further modification of the order with respect to the custody of the children during the vacation months. It does not appear as to whether there was any appearance by the defendant at that time. In any event, Judge Lowe refused to modify the order and after an investigation required, rather informally, that the petitioner surrender the children to their father pursuant to the terms of the order of September, 1928. This she failed to do. The defendant, however, pursuant to the court's order obtained possession of the children. Judge Lowe on September 11, 1929, also issued an order directed to all the parties and requiring the petitioner to show cause why she should not be committed for contempt and why the children should not be permanently removed from her custody and given into the custody of the defendant. This order was made returnable on September 30th at Minot in Ward county and within the fifth judicial district. At the time of the hearing on the order to show cause in Minot, petitioner appeared in person and by her counsel, and then, stipulating that no exception was taken because the order was not returnable in Ramsey county, challenged the jurisdiction of Judge

Lowe on the ground that there was no written request from any of the judges of the second district as required by the provisions of § 7353, Comp. Laws 1913, for him to act in the matter and that his authority under the written request from Judge Buttz to try the original divorce action had expired at the moment the judgment in that action was entered. Judge Lowe overruled the objection to his jurisdiction and the matter proceeded, counsel for the petitioner saving her rights in that regard. Thereafter Judge Lowe made his order as a special judge of the second judicial district acting on the written request of one of the judges of said district, modifying the orders theretofore entered with respect to the custody of the children and awarding their custody to the defendant. Thereupon the petitioner applied to this court for a writ awarding her the custody of the children on the ground that Judge Lowe had no jurisdiction to act in that behalf and that his order was void.

Thus the question presented is the single one as to whether the order last made by Judge Lowe was void for want of jurisdiction.

The Constitution of North Dakota, § 116, provides that "judges of the district courts may hold court in other districts than their own under such regulations as shall be prescribed by law." Pursuant to this constitutional provision the legislature enacted the following sections of the statute, Comp. Laws 1913:

"Section 7352. All orders made, judgments given or other acts done by any judge of the district court in any action, special proceeding or other matter, civil or criminal, shall be deemed and held to be the orders, judgments and acts of the court and the several judges of the district court shall have jurisdiction throughout the state to exercise all the powers conferred by law upon the district court or judges thereof, subject to the limitations in this article provided."

"Section 7353. No judge of the district court shall hear or determine any action, special proceeding, motion or application, or make any order or give any judgment in any action or proceeding not pending in the judicial district for which he is elected except in the following cases:

"1. Upon the written request of the judge of the district in which such action or proceeding is at the time pending.

"2. When, upon the application of either party to such action or

proceeding and upon due notice to the opposite party, if he shall have appeared and is entitled to such notice, it shall be made to appear by affidavit to the satisfaction of such judge who shall have power to hear and determine such preliminary application, that the judge of the district in which such action, proceeding, motion or application is pending or about to be commenced, is absent from his district, or incapacitated or disqualified to act therein, such application shall be made only to the judge of a district adjoining that in which such action or proceeding is pending, and upon the hearing thereof counter affidavits may be used."

"Section 7354. No order or judgment given by the judge of any district contrary to the limitations of the preceding sections shall for that reason be void, but such order or judgment may be vacated upon application within thirty days from the time the same shall have been made or given to the judge of the district in which the action or proceeding in which the same was made or given is pending, and if appealable, by the supreme court on appeal."

These sections were enacted simultaneously and as parts of chapter 86, Sess. Laws 1893.

It is clear that under these several provisions there is no question as to the jurisdiction of Judge Lowe to try the original action. See State v. Heiser, 20 N. D. 357, 127 N. W. 72; State ex rel. McDonald v. Hanley, 43 N. D. 388, 175 N. W. 569; State v. First State Bank, 52 N. D. 231, 202 N. W. 391. Thereafter the petitioner herself invoked action by Judge Lowe in the matter, and all the parties as well as Judge Buttz apparently considered that Judge Lowe was authorized to proceed and dispose of all matters in connection with the case. So clearly Judge Lowe, whether he had the right to do so or not was not in any sense a volunteer or intruder with respect to the action. He issued his order to show cause. Service was made upon the parties. They appeared before him. Thus he had jurisdiction of the person of the petitioner. Thereafter he made the order under which the children in question are now held by the defendant. It is clear to us that this order was not void even though the petitioner is right in her contention that the written request from Judge Buttz to Judge Lowe was not effective after the judgment in the principal action was entered. Judge Lowe, rightly or wrongly, assumed to act as one of the judges

of the second district. Under the plain provisions of § 7354, supra, any orders made by him while so acting were not void. Viewed in the light most favorable to the petitioner they were merely voidable. See State v. Heiser, supra; Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491; Albrecht v. Zimmerly, 23 N. D. 337, 136 N. W. 240. The petitioner's remedy is prescribed by the statute. It follows the order not being void but at most merely voidable and the petitioner having a remedy otherwise, she is not entitled to the writ for which she prays. See State ex rel. Hagen v. Overby, 54 N. D. 732, 210 N. W. 652; State ex rel. Smith v. Lee, 53 N. D. 86, 205 N. W. 314; Re Solberg, 52 N. D. 518, 203 N. W. 898; State v. Floyd, 22 N. D. 183, 132 N. W. 662; State ex rel. Styles v. Beaverstad, 12 N. D. 527, 97 N. W. 548.

Writ denied.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.