(May 26, 1898.)

## MADISON v. PIPER, JUDGE.

### [53 Pac. 395.]

CERTIORARI—WHO MAY MAKE APPLICATION.—Under the provisions of section 4963 of the Revised Statutes, the application for a writ of review must be made by the party beneficially interested.

INSOLVENCY—JURISDICTION.—An insolvent against whom an order is made is the party beneficially interested in this case, and may make application for a writ of review, for the purpose of reviewing an order which the judge had no jurisdiction to make.

PETITION THE COMPLAINT—VERIFICATION.—The petition for a writ of review is the complaint and must be made on affidavit. The verification may be made by the attorney for the petitioner if such attorney knows all of the facts set up in the petition, and so states in the affidavit.

INSOLVENT DEBTOR—CANNOT BE REQUIRED TO ACCOUNT FOR UNPRESENTED CLAIM.—A creditor of an insolvent debtor, whose claim was secured by mortgage, and had not been presented, proved and allowed in the insolvency proceeding, made application to have the debtor examined, on oath, in relation to a part of the property included in said mortgage. Thereupon a citation was issued and the debtor was examined, and the judge found that the debtor had disposed of a part of said property, and ordered the debtor to account to the mortgagee for the same. *Held,* that the judge had no jurisdiction to make such order.

(Syllabus by the court.)

An original proceeding to review order of district judge.

George W. Goode, for Petitioner.

The First National Bank (at the date of the citation and the time for appearing therein) had not filed its claim, nor was it entitled to file its claim until such time as an agreement or sale of the mortgaged property was made, unless it elected to place with the assignee its security. (Rev. Stats., sec. 5911.) Therefore, we submit that the bank had no right to request, nor the judge to grant, the citation to petitioner. (Rev. Stats., sec. 5913; *Lindenthal v. Burke,* 2 Idaho, 571, 21 Pac. 419.) The next question is, Had the judge the jurisdiction to make this order to be reviewed? After a pretended trial the judge orders this insolvent to pay this creditor about $321.06, when all the records and testimony show that this same insolvent is without a cent and has no property except that which is exempt. Of necessity he must disobey the order of the judge, and unless some kind friend comes to his rescue he must languish in jail for not doing something which it was impossible to do. (*Ex parte Clancy,* 90 Cal. 553, 27 Pac. 411; *Statler v. Superior Court,* 107 Cal. 536, 40 Pac. 949; *Beamer v. Freeman,* 84 Cal. 555, 24 Pac. 169.)

Warren Truitt and S. S. Denning, for Defendants.

The jurisdiction conferred upon this court to issue the writ of review is only exercised when an inferior tribunal, board, or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor any other plain, speedy and adequate remedy. (Rev. Stats., secs. 4962-4968.) On the return of the writ the inquiry cannot be extended further than to determine whether the tribunal, board or officer has exceeded its jurisdiction. (*C. P. R. R. Co. v. Placer Co.,* 43 Cal. 365.) After a petition and schedule in insolvency is filed, the control and dominion of the insolvent's property are transferred to the court. (*Taffts v. Manlove,* 14 Cal. 48, 73 Am. Dec. 610.) A petition in insolvency looks to a discharge as the principal purpose of insolvency proceedings. The findings and order complained of in this case might be used

to prevent the final discharge of the insolvent. (*Broder v. Conklin*, 98 Cal. 360, 33 Pac. 211.) When the further action of the court in the cause is necessary to give complete relief to the party making the complaint, or to carry out the object of the court, the order or judgment upon which the question arises is not final. (*People v. Lindsay*, 1 Idaho, 394; *Wyatt v. Wyatt*, 2 Idaho, 236, 10 Pac. 228; *Goodday v. Superior Court*, 65 Cal. 581, 4 Pac. 626.) A writ of *certiorari* or review will not lie to an inferior court or tribunal to review or set aside an order which is merely erroneous in a matter, where jurisdiction has been acquired by such court or tribunal. (*People v. Elkins*, 40 Cal. 642; *C. P. R. R. Co. v. Placer County*, 46 Cal. 668; *Buckley v. Superior Court*, 96 Cal. 119, 31 Pac. 8; *Sherer v. Superior Court*, 96 Cal. 653, 31 Pac. 565; *History Co. v. Light*, 97 Cal. 56, 31 Pac. 627; *Farmers' etc. Bank v. Board etc.*, 97 Cal. 318, 32 Pac. 312.)

SULLIVAN, C. J.—This is an original proceeding in this court, whereby the plaintiff seeks by *certiorari* to have reviewed and annulled an order made by the district judge in an insolvency proceeding. In November, 1897, the plaintiff was adjudged to be an insolvent debtor. Subsequently, upon proper notice, the creditors met in open court, and elected J. B. West, Esq., assignee of said insolvent's estate. It appears that only two creditors had at the time of said election filed claims against said insolvent's estate. The First National Bank of Moscow, being one of said creditors, filed as claims two unsecured promissory notes; one for $162.50, and one for $171.20. It further appears that said bank also held a promissory note against said insolvent for $872.50, which was secured by a chattel mortgage on certain crops of wheat and hay and other property; that on the eighteenth day of January, 1898, said bank filed its petition in said district court, which showed that under said mortgage the insolvent had turned over to the bank about one thousand and three and one-half bushels of wheat. It is also alleged that said Madison harvested and kept in his possession a large amount of the hay and grain included in said mortgage, and disposed of the same, and no account thereof had been made to said bank. The prayer of said petition is as follows:

"1. That said Martin Madison shall be required to appear before said court, or the judge thereof, at such time as may be designated, to answer upon oath as to the amount of grain and hay obtained or grown and harvested from said mortgaged premises for the year 1897; 2. That an order be made herein directing that sale of the wheat now in possession of said corporation above mentioned in such manner as may seem best for the interests of all parties concerned, and the proceeds of such sale credited upon said promissory notes secured by said chattel mortgage, and for such other and further relief as may seem just and equitable in the matter." Upon said application an order was made directing the sale of one thousand and three and one-half bushels of wheat, the warehouse receipts for which were in the hands of said mortgagees, and also ordered that a citation be issued to the plaintiff, Madison, requiring him to appear before the judge of said court at chambers in the city of Moscow on the twenty-sixth day of January to answer under oath in regard to the amount of grain and hay grown and harvested by him in the year 1897 upon the premises described in said chattel mortgage. On the twenty-sixth day of January, 1898, said insolvent appeared as required by the citation aforesaid, and certain testimony was adduced in regard to the hay and grain covered by said chattel mortgage, and the judge found that said Madison had received four hundred and fifty-eight bushels of wheat, which he had not accounted for to said bank, and that the value of the same was fifty-seven cents per bushel; that he had received twenty tons of hay, worth three dollars per ton, which he had not accounted for to said bank. An order was thereupon made requiring said Madison to account to said bank for four hundred and fifty-eight bushels of wheat, or its market value, fifty-seven cents per bushel, and also for twenty tons of hay at three dollars per ton. Counsel for the plaintiff, both before and after said order, objected to the making of said order, on the ground that the court had no jurisdiction to make the same. Thereupon the plaintiff made application to this court for a writ of review, which writ was issued, and upon the day fixed for its return the defendants moved to quash the writ on several grounds.

The first ground was that the petition did not state facts sufficient to warrant the issuance of said writ. After a careful consideration of the petition, we think its allegations are sufficient to warrant the issuance of the writ.

The second ground of said motion to quash is that the application for the writ is not made by the party beneficially interested. Counsel cites section 4963 of the Revised Statutes which declares, *inter alia:* "The application must be made on affidavit by the party beneficially interested." It is contended that the insolvent is in no wise interested in this matter, and that only the assignee and creditors are, and therefore they only could commence this proceeding. We take it that the insolvent is most vitally interested, especially when an order is made which might prevent his final discharge as an insolvent. If he is unable to comply with the order complained of, and it stands unchallenged, it might prevent his final discharge. The third ground goes to the affidavit. It was made by the attorney for the plaintiff, and it is contended that it must be made by the party beneficially interested. There is nothing in this contention. Section 4963 of the Revised Statutes declares that the application for a writ of review must be made on affidavit by the party beneficially interested. It does not require the verification to be made by the party beneficially interested. The application is the complaint, and it must be made on affidavit, and under section 4199 of the Revised Statutes, the attorney may make the affidavit when the facts are within his knowledge. The attorney states in his affidavit that he knows all of the facts stated in the petition and that he has examined all of the proceedings mentioned in said petition, and that he believes that said court acted without jurisdiction in making said order. The petition shows that the attorney who had examined all of the proceedings complained of would be better acquainted therewith than the client. We think the affidavit sufficient, and under the facts the attorney was authorized to make it.

It is also contended that the order complained of is not finally determined. We are at a loss to know how a matter could be more "finally determined" than this was. The judge entered

an order directing the insolvent to turn over to the bank four hundred and fifty-eight bushels of wheat and twenty tons of hay, or to pay to the bank the value of the same. We think the matter was finally determined, so far as that proceeding was concerned. The motion to quash must be denied.

In answer to said writ the defendants filed herein the entire record of the proceedings in said matter. But one question is raised by the return, and that is, Had the court jurisdiction to make said order? It appears that the First National Bank of Moscow had several claims against the plaintiff at the time he was declared to be an insolvent debtor, two of which were unsecured, and one or more secured by chattel mortgage. Those not secured were filed against said insolvent's estate, and the bank was admitted as a creditor to the extent of their amount. But the bank had not been admitted as a creditor for said sum of $876.50 secured by said chattel mortgage, nor could it be admitted as a creditor for said amount unless it released or conveyed its claim upon the mortgaged property to the assignee. Section 5911 of the Revised Statutes, provides as follows: "When a creditor has a mortgage or pledge of real or personal property of the debtor, or a lien thereon, for securing the payment of a debt owing to him from the debtor, he must be admitted as a creditor only for the balance of the debt, after deducting the value of such property, to be ascertained by agreement between him and the assignee, or by a sale thereof, to be made in such manner as the court or judge may direct; or the creditor may release or convey his claim to the assignee upon such property and be admitted to prove his whole debt. If the value of the property exceeds the sum for which it is so held as security, the assignee may release to the creditor the debtor's right of redemption thereon on receiving such excess; or he may sell the property, subject to the claim of the creditor thereon, and in either case the assignee and creditor respectively must execute all deeds and writings necessary or proper to consummate the transaction. If the property is not sold or released, and delivered up, the creditor must not be allowed to prove any part of his debt." Said section provides, when a creditor has a mortgage on real or personal property of the debtor for securing the payment of a debt, he must be ad-

mitted as a creditor only for the balance of the debt after deducting the value of such property, to be ascertained by agreement between him and the assignee, or by sale thereof, to be made in such manner as the court or judge may direct, or a creditor may be allowed to prove his whole claim if he releases or conveys his claim on the property to the assignee. A person having security for his debt must look to his security to the extent of its value unless admitted as a creditor as provided by said section. The defendant, First National Bank, stood on its security. It made no application to be admitted as a creditor for any balance of its said debt after deducting the value of the mortgaged property. It did make application to sell the wheat that had been turned over to it under said mortgage, which was granted, and the wheat sold for $572, and said sum indorsed on said indebtedness. As shown by the record, the value of the mortgaged property was only sufficient to satisfy the mortgage debt, and, if the mortgagee had proceeded, and foreclosed the mortgage, there would have been nothing left from the sale of the mortgaged property to go to unsecured creditors. In case of mortgaged property the assignee has the right of redemption, or may sell the property subject to the claim of the creditor. (See Rev. Stats., sec. 5911.) In the case at bar the creditor stood on his rights as mortgagee, and, if the mortgagor had disposed of any of the mortgaged property in violation of the terms of the mortgage, the judge could not grant him relief in insolvency proceedings. The mortgage debt had not been proved nor allowed in the insolvency proceedings, nor had the mortgaged property passed into the hands of the assignee. So far as said debt and mortgage are concerned, they are strangers to the insolvency proceedings, and the judge had no jurisdiction over them in said insolvency matter, and no jurisdiction to make the order complained of. The order complained of must be set aside, and the district judge is directed to set the same aside, and dismiss the application for the examination of the plaintiff. Costs are awarded to the plaintiff.

Huston and Quarles, JJ., concur.