GITSCH v. WIGHT, Judge, et al.

No. 3893.   Decided December 26, 1922.   (211 Pac. 705.)

DIVORCE—COURT CANNOT CHANGE CHILD'S CUSTODY FROM HUSBAND TO WIFE WITHOUT NOTICE TO FORMER. The court cannot make an order awarding a divorced wife the temporary custody of a child then in the custody of her former husband without notice to him.

Action by Norris H. Gitsch against L. B. Wight, Judge of the District Court of Salt Lake County, and another, to review proceedings whereby the custody of plaintiff's minor child was taken from him and awarded temporarily to his divorced wife.

ORDER ANNULLED AND SET ASIDE.

*Ray Van Cott* and *W. T. Gunter,* both of Salt Lake City, for plaintiff.

*Stewart, Stewart & Alexander,* of Salt Lake City, for defendants.

THURMAN, J.

This is an action to review certain proceedings of the district court of Salt Lake county, whereby the custody and control of a minor child, to wit, Betty Elaine Gitsch, was taken from the plaintiff and given to the defendant Inez Hurlbut. Plaintiff and defendant Inez Hurlbut were formerly husband and wife, and the minor child, 4½ years of age, is the issue of said marriage.

It is alleged in the complaint that on the 22d day of September, 1922, the said Inez Hurlbut commenced an action in the said district court against the plaintiff herein, praying for an order of said court awarding her the custody and control of the child; that in her petition filed in said action she also prayed for the temporary custody of the child pending the final determination of the case. It is further alleged in plaintiff's complaint that without any notice whatever to plaintiff the defendant judge of said court on the 23d day of September, 1922, made and entered an order against the plaintiff herein to show cause on the 29th day of said month why the said Inez Hurlbut should not be awarded the custody, care and control of said child, and in addition thereto the said court ordered that pending the hearing she should have the temporary custody of the child, but should not remove it from the jurisdiction of the court until the application for its custody and control had been finally determined. The complaint further alleges that in pursuance of said order, which was made without notice to plaintiff and without giving him an opportunity to be heard, the child was taken from his custody, and has ever since

been in the custody, care, and control of the said Inez Hurlbut, petitioner in said action and defendant herein. It is further alleged by plaintiff that in making the order awarding temporary custody of the child, without notice to plaintiff, the court exceeded its jurisdiction, and that plaintiff has no appeal and no plain, speedy and adequate remedy, other than by a writ of review. It is then alleged that plaintiff, in response to said order to show cause, served and filed a motion to vacate said order awarding the temporary custody of said infant, and assigned as reasons therefor that said order was void, was improperly issued, and that the application filed by said Inez Hurlbut, petitioner in said action, did not entitle her thereto. It appears that the motion to vacate said order was overruled by the court; hence the application for writ of review.

It is difficult to conceive of a state of facts in which such an order as that complained of in this proceeding would be justified, notwithstanding it be conceded that in this class of cases a court may exercise a wide discretion. There certainly appears no justification whatever in the return and answer made by the defendants. The application of Inez Hurlbut, filed in court for the custody of the infant, in substance alleged the following facts: That she and plaintiff herein married in Utah in 1917, and the child 4½ years of age, was the issue of said marriage; that they afterwards resided in Seattle, state of Washington, in which state they were divorced and the care and custody of the child duly awarded to her; that afterwards, in 1921, during her temporary absence from the state, plaintiff herein, her former husband, obtained an order of court modifying and changing the decree theretofore rendered by awarding the custody of the child to the father, plaintiff in this action, with permission to remove it to Salt Lake City; that the modification of said decree was fraudulently and falsely obtained by representing to the court that petitioner was not a proper person to have the care and custody of the child. It is also alleged in the petition that petitioner had no opportunity to interpose a defense to said proceeding; that

the child was obtained from the custody of petitioner's sister, with whom it had been left by petitioner, upon the understanding that it would be returned to Seattle. Petitioner then alleges that she is a fit and proper person to have the care and custody of said child, and that she is able to care for the same. She alleges that she is a resident of California, now temporarily residing in Salt Lake City, and that plaintiff herein and said child are residents of Salt Lake City. Petitioner denies that she has ever been an unfit and improper person to have the care and custody of the child, but, if she has been, she has now ceased to be such, and is duly qualified morally and in every other way to have such care and custody. It is then alleged, in substance, that owing to the tender age of the child it is desirable that it have the care and attention of its mother. There are other allegations, in substance, to the same effect, but the above is sufficient to show the nature of the action and the grounds therefor.

The return of the judge of said court does not deny the allegations of the complaint, nor does it affirmatively allege any facts which in law would constitute a justification for the order depriving plaintiff of the custody of his child without notice or an opportunity to be heard. The plaintiff had an indubitable right as a first step on his part to challenge the validity of the order by which he was deprived of the custody of his child. It may be, on a hearing regularly and duly had after proper notice, that the court should in its discretion award the custody and control of said child to its mother. That is not a question which concerns us in the instant case. Nevertheless the principle to be vindicated in this proceeding is one of far greater importance in the administration of justice than merely to determine which of two litigants shall have the custody of a minor child. The question goes to the very foundation of judicial proceedings, without which the rights of litigants cannot be judicially determined. That every person has a right to his day in court and an opportunity to be heard before he

can be deprived of a justiciable right is too elementary for discussion, much less to invoke the citation of authority.

The right of a party to the custody of a child is just as sacred as the right of property. It is admitted in this case that the plaintiff had the custody of the child when its mother filed her petition in court. The plaintiff's right to such custody must be presumed even without the order of the Washington court. The plaintiff was entitled to retain such custody until deprived thereof by due process of law. By what has been said there is no intention on the part of the court to in any manner impugn the motives and intentions of the honorable judge, defendant in the case. It is manifestly clear that he was inspired by humane motives, believing that it was for the best interests of the child to summarily place it in the custody of its mother. But, however, good his intentions, the court had no power to make the order which is challenged, in this proceeding.

The order of the district court, awarding the temporary custody of the child to Inez Hurlbut, is annulled and set aside, but without costs to plaintiff.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.