## ELIZABETH ANN KING, now SMITH, Appellant, v. GROVER DOUGLAS KING, Respondent.

(231 N. W. 846.)

Opinion filed July 30, 1930.

*Lemke & Weaver,* for appellant.

*William Anderson,* for respondent.

Burr, J. The plaintiff heretofore applied to this court for a writ of habeas corpus to obtain the custody of her children, and the facts necessary for the determination of that matter are set forth in the opinion denying the writ. See Smith v. King, 58 N. D. 680, 227 N. W. 228. The sole question presented to us in that matter was whether the order made by Judge Lowe was void. We held the order was not void, even though Judge Lowe had no authority to sit as judge of the district court of Ramsey county, basing this upon the provisions of § 7354 of the Compiled Laws.

The question of the rights of the parties in the decree of divorce as entered was not involved in that matter nor determined by this court. It is necessary for a proper understanding of this controversy, however, to state the facts so we set them forth in chronological order.

In the district court of Ramsey county the plaintiff commenced an action for divorce and, on written request of Judge Buttz, Judge Lowe of the district court of the Fifth judicial district determined the issues. Judge Lowe made findings to the effect that the defendant was an unfit person to have the custody of the children and that the plaintiff was a fit and proper person to have such custody; but that defendant should have the right to "visit them a reasonable number of times and at reasonable hours without unduly interfering with the rights of the plaintiff in the care of and the custody of such children." The conclu-

sions of law and order for judgment specify particularly that the plaintiff is "entitled to the custody of the children of such marriage," but makes no provision whatever permitting the defendant to visit the children or to have them in his custody at any time. The decree entered is in strict conformity with the conclusions of law and order for judgment, and omits such provision.

The decree says: "It is further ordered and adjudged that the question of alimony and support for the children and counsel fees shall be held open and subject to the further order of this court:"

The decree of divorce is dated May 6, 1927, and subsequent thereto the plaintiff re-married. Both parties seem to have assumed that the order for judgment and the decree gave the defendant the right to have custody of the children at certain times, or at least the right to have them in his care temporarily.

On October 22, 1927, Judge Lowe, sitting in Devils Lake, made an order requiring the defendant to pay $20.00 per month alimony and the costs of the action together with a provision for attorney's fees. Both parties appeared before him without objection.

Judge Lowe again sat as judge of the district court of Ramsey County at Devils Lake, on the 28th day of September, 1928, both parties appearing. At this hearing he made an order regarding the payments which the defendant should make to the plaintiff for alimony and support of the children, increasing the amount to $40.00 per month, with the proviso "that if satisfactory arrangements can be made so that the children of such marriage may stay at the home of—the father and mother of the defendant—during the vacational period after the close of school in June and until the opening of school in September, that such payments shall be waived during said months of June, July and August;" and the further proviso "that if satisfactory arrangements cannot be made so to do, and defendant does not desire such an arrangement, then the said defendant shall pay" the alimony and support money in the amount of $40.00 per month during these vacational periods. The court further ordered: "That this order may, in the discretion of the court, be further changed or modified in the future, without notice." This order is dated September 29, 1928.

The record does not show any arrangements made with the plaintiff for any such visit during the vacation period; but plaintiff apparently

acquiesced for on June 1, 1929, she made an application to Judge Lowe for a modification of the order claiming that the home of the parents of the defendant was not a fit place for the children. On July 1, Judge Lowe wrote to the plaintiff a letter, sending a copy to the defendant, stating:

"Since you were in my office I made a trip to Starkweather, and I found the conditions there very good for caring for the children during the summer vacations. Therefore you will please deliver the children at once to the Kings, and you can get them again one week before their school opens, but not before September 1st."

On July 8, 1929, the plaintiff filed in the district court of Ramsey county, an affidavit entitled in the divorce proceedings to the effect that she had received such a letter from Judge Lowe and asked the court to permit her to "keep said minor children in accordance with the original judgment entered and filed in such action;" she alleged that the defendant was found by the court to be an unfit person, that he is still an unfit person, that he is residing at the home of his father and thus "will be in constant contact with said children," and that the father and mother had told her the children were going to be taken to Canada out of the jurisdiction of the court. This application has not been heard by the district court of Ramsey county, so far as the record shows.

On the 10th day of July, Judge Lowe wrote to the defendant in part as follows:

"The order filed in Devils Lake, as I understood it gives you the custody of the children during June, July and August of each year and if the persons having custody of the children refuse to give them up you are entitled to take them anyway, but rather than have trouble I will bring them into court, if you will get a lawyer and bring them into court for disobeying my order."

On August 1st, Judge Lowe at Minot, made an order as follows:

"The court having heretofore made an order that the custody of the minor children in the above entitled proceeding be awarded to the defendant during the months of June, July and August, of each year, and the plaintiff having failed, neglected and refused to deliver said children to the defendant as provided in said order now therefore, it is hereby

"Ordered, That the said plaintiff Bessie King, forthwith deliver to the defendant said minor children.

"It is further ordered that said defendant shall take said children wherever he may find them and any sheriff or other officer of the state of North Dakota is hereby requested to give such aid and assistance to said Grover King in obtaining said children as may be proper upon payment by Grover King of such fees as may be lawfully due for such service.

"It is further ordered that said Grover King shall retain the said children until the further order of this court."

The record is silent as to any notice given to the plaintiff of any application for this order, or as to service of such order upon the plaintiff, or as to any judgment entered on this order. This order is entitled in Ramsey county in the divorce case and is dated at Minot.

The defendant filed with Judge Lowe an affidavit purporting to be dated June 10, 1929, wherein he stated that on July 1, 1929 "the court in writing notified the plaintiff to deliver at once the children to the Kings;" further, "that on August 1, 1929 the court made its further order that defendant might take said children wherever he might find them and keep them until the further order of the court;" and further that the plaintiff had refused to give the children and had taken them to Minnesota and recited the order of September 29, 1928. Upon this affidavit, evidently misdated, the defendant asked "an order to show cause be made and served, requiring plaintiff to show cause why the said children should not be turned over to him permanently, and why the plaintiff should not be in contempt of court and such other relief as the court deems equitable." This affidavit was presented to Judge Lowe at Minot in the Fifth judicial district on September 11, 1929. Judge Lowe issued an order entitled in the divorce action, with venue in Ramsey county, requiring plaintiff to "show cause before said court at the Chambers of said court at Minot, N. D., on the 30th day of September, A. D. 1929—why she should not be punished for contempt for such disobedience; that she show cause why the orders and decree heretofore made in the action should not be modified so that the defendant be given the permanent care and custody of said children, and that said decree be modified regarding the payment of alimony——." This was served upon plaintiff in Ramsey county but on the 30th day of Sep-

tember she made a special appearance before Judge Lowe in Minot, Judge of the district court of Ward county, objecting "to the jurisdiction of this court in issuing the order herein or any other order that this court has attempted to issue other than the findings of fact and conclusions of law and decree entered thereunder on the grounds that this court has no jurisdiction whatsoever to issue any order pertaining to the subject matter of the above entitled action." At that time there was some discussion as to whether Judge Lowe could sign any order in Minot or whether he would be required to go to Devils Lake. The plaintiff did not insist on Judge Lowe going to Devils Lake and on October 7, 1929, while sitting in Minot, Judge Lowe made an order reciting this special appearance and the objection to his jurisdiction, overruling the same, and at the same time made an order directing that the custody of the children be given to the defendant except that in the months of "June, July and August, 1930, the plaintiff may have the care and custody of said children;" that during the rest of the year the defendant would have them but the plaintiff would be permitted to visit them at "proper hours during the day not to exceed three hours at the time." And that "during the months of June, July and August, 1930, the plaintiff (defendant?) may visit said children not to exceed three hours at each visit" and further recited that the "children now being with the defendant, this order is to remain effective until it is further modified." No judgment was ever entered on any of these subsequent orders, and no amended decree ever made.

On October 26, 1929, the plaintiff applied to Judge Lowe to vacate and set aside this order for the "reasons and on the grounds that the court of the Fifth judicial district had no jurisdiction to make said order in an action pending in the Second judicial district." On the 29th of October, 1929, Judge Lowe refused to vacate that order.

It appears however that on the 26th day of October, 1929, Judge Buttz requested Judge Lowe "to continue to act in such cause as a judge of the Second judicial district, North Dakota, and to entertain all motions, proceedings, and other matters in any way relating to said cause, including the custody of the children of the parties to said action, and to so continue to act in the future in all respects and at all times until this request shall have been revoked." This request is entitled in the divorce proceedings with venue in Ramsey county.

The plaintiff applied to Judge Kneeshaw one of the judges of the district court of the Second judicial district for an order vacating and setting aside this order of the 7th of October made by Judge Lowe, wherein he assumed to act as judge of the Second judicial district, on the "grounds that John C. Lowe, as Judge of the Fifth judicial district, had no jurisdiction to make said order in an action pending in the Second judicial district—the plaintiff never having been a resident of the Second judicial district." Judge Kneeshaw set this application for a hearing before Judge Grimson, who on February 8, 1930, denied the motion "on the ground that in the meantime that an appeal had been taken from the order of Judge Lowe refusing to set aside his order; that this matter was now pending in the Supreme Court; that the Supreme Court has already held that his order of October 7th was not void and at the most voidable;" that this court would on the appeal determine the matter.

In the meantime the plaintiff made another application to the district court of Ramsey county for custody of the children, serving the motion on defendant in December 1929. So far as the record is concerned this has not been heard.

There are two appeals in this matter—one from the two orders of Judge Lowe made October 7, 1929 and October 28, 1929, respectively, and one from the order of Judge Grimson, refusing to act in the proceedings taken March 27, 1930. On this hearing both appeals are heard together.

We have recited the facts at length as the issues are: the right of Judge Lowe to make any order in the case after the special appearance of the plaintiff and her objection to his exercise of any jurisdiction in these proceedings subsequent to the decree in the action, and the proceedings where both parties appeared before him at Devils Lake; and the rights of the parties under the decree as it now stands.

The action of Judge Lowe complained of is embodied in the order of October 7, 1929. This was the order which purports to take the custody of the children from the plaintiff and give them to the defendant. It is this order which the plaintiff says the court had no authority to make, because Judge Lowe had no right to hear and determine an application in this case, not being Judge of the district court of Ramsey county. If the provisions of § 7354 are to be invoked and the order

vacated this is the order to be vacated. Such application to vacate must be made to a judge of the district court in which the action in which the order was made was pending, not to the judge who, it is said, had no authority to act. If the order of the judge of another district purporting to act as judge of the district court of Ramsey county, is made without authority and purports to be the act of the district court of Ramsey county then the district court of Ramsey county must vacate the order.

There is a motion made to dismiss the appeal from the orders of Judge Lowe on the ground that Judge Lowe had not certified the record in that appeal. However, if the orders of Judge Lowe were erroneous on the ground he had no authority to entertain the matters and make orders therein, it was unnecessary to apply to him for the vacation of his orders.

Out of courtesy to Judge Lowe the plaintiff asked him to vacate his order before making application to a judge of the district court of Ramsey county;—but the matter is presented to us on the appeal from the order of Judge Grimson.

The divorce proceedings were pending in the district court of Ramsey county. It was this district court that had jurisdiction of the action. The judge presiding could be any one of the three judges of the district court. Judge Buttz was presiding at that time and therefore was the judge who had the authority to request Judge Lowe to act in the trial of the divorce proceedings. Judge Lowe, therefore, sitting in Devils Lake, had the authority to hear and determine the divorce proceedings. He made findings of fact, conclusions of law and the order for judgment. A decree was entered in conformity with the order for judgment. No appeal was taken and the judgment became final. The authority of Judge Lowe to act under the written request thereupon ceased.

The fact that the questions of alimony, support for the children, and counsel fees were unsettled merely left these matters to be determined by the district court of Ramsey county at some future period. It did not retain the control of such matters in the hand of the one who happened to be the presiding judge at the time. Section 4404 of the Compiled Laws provides:

"In an action for divorce the court may—after judgment give such

direction for the custody, care and education of the children of the marriage as may seem necessary or proper and may at any time vacate or modify the same."

Whether it was necessary to embody in the order for judgment this retention of jurisdiction we need not determine. The jurisdiction was in the district court—not in the particular Judge who tried the case. The fact that subsequently Judge Lowe came to Devils Lake and sat as judge of the district court of Ramsey county in application for alimony, costs, modifications, etc., does not affect the issue. No objection was made to his sitting as such judge and in this he was a de facto judge of the district court of Ramsey county each time he acted, even though no additional request in writing was made.

Judge Buttz by writing the letter of October 26, 1929, requesting Judge Lowe to continue to act in the case, did not confer authority upon Judge Lowe to act. Judge Buttz was but one of the three district judges. Had one of the parties applied to Judge Buttz for an order in the proceedings retained he could have requested Judge Lowe to act; but no such application was made. He had no more authority to request Judge Lowe to act than did Judge Kneeshaw or Judge Grimson, for nothing was pending before him; therefore the action of Judge Lowe must be determined as if no such letter had been written. The fact that Judge Lowe heard applications after he had determined the issues in the divorce proceeding, without protest on the part of the plaintiff, while it prevented the plaintiff from objecting to his actions in such matters, did not estop her from objecting to his authority in the issue before us here. She made a special appearance to object to his assumption of authority. The objection was well taken. It is true that under the provisions of § 7354 of the Compiled Laws no order made or judgment given by Judge Lowe contrary to the limitations on the statutory power of the judge of a district court in one judicial district to act as judge of the district court in another judicial district was for that reason void but, such section does provide that any "such order or judgment may be vacated upon application within thirty days from the time the same shall have been made or given to the judge of the district in which the action or proceeding in which the same was made or given is pending, and if appealable, by the supreme court on appeal."

698

The order sought to be vacated purported to be an order of the district court of Ramsey county and application to vacate such order was properly made to the district court of Ramsey county. Judge Kneeshaw asked Judge Grimson to determine the issues. Judge Lowe misconstrued the extent of his power under the requests of Judge Buttz and the effect of the previous acquiescence of plaintiff.

Whether we treat the application to Judge Kneeshaw heard by Judge Grimson as an application to vacate the order of October 7th and made within thirty days, or whether we treat it as an application to vacate an erroneous order it is clear the order should be set aside. The application made by the defendant for the taking of the custody of the children from the plaintiff and giving it to him was not heard by the proper court. We need not determine whether it could be now heard by the district court of Ramsey county under the conditions in which it is made. The state of the record is such that the custody of the children was given to the plaintiff by the decree; this decree has never been modified; the order changing the custody was not made by the district court of Ramsey county, and should have been set aside by Judge Grimson. The order should have been vacated. It is immaterial whether we consider this matter as on appeal from the order of Judge Grimson or on appeal from the order of Judge Lowe. The custody of the children is vested by the decree of the district court of Ramsey county in the plaintiff; subject to the modifying effect of the orders made by Judge Lowe in October 1927 and September 1928. The question of the custody of the children is under the control of the district court of Ramsey county yet. The order taking the custody of the children from the plaintiff and vesting it in the defendant is reversed with the costs to the plaintiff.

BURKE, Ch. J., and NUESSLE, BIRDZELL and CHRISTIANSON, JJ., concur.