GEORGE ABELL, APPLICANT, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, HONORABLE THOMAS F. MORAN, THE JUDGE THEREOF, AND LUVIE MOORE ABELL, RESPONDENTS.

No. 3203

September 3, 1937.          71 P. (2d) 111.

*Pat McCarran* and *Gordon W. Rice,* for Applicant:

*John Donovan,* for Respondents:

## OPINION

By the Court, DUCKER, J.:

This is an original proceeding in certiorari.

It appears from the application and return that on the 18th day of April 1935, the said court granted a decree of divorce to the respondent Luvie Moore Abell from the applicant. It was ordered in the decree that applicant should have the custody of the parties' minor

child (Tyler Abell) from the 15th day of May until the 15th day of November, in each year, and that respondent Luvie Moore Abell should have the custody of said child from the 15th day of November until the 15th day of May, in each and every year. The court reserved jurisdiction to enter further and different orders herein, relative to the custody of said minor child.

It likewise appears that on the 14th day of May 1937, said Luvie Moore Abell filed in the respondent court and noticed a motion for a modification of the decree in reference to the custody of the child, so that in lieu thereof should be inserted a paragraph reading as follows:

"It is further ordered, adjudged and decreed that the sole and exclusive care, custody and control of the minor child of the parties, to wit, Tyler Abell, is hereby awarded to the plaintiff."

The motion was set for hearing for the 18th day of June 1937, at 10 o'clock, a. m.

On said 14th day of May respondent, Hon. Thomas F. Moran, without notice to applicant, and without affidavit or evidence, made and entered an order depriving applicant of the custody of said minor child, which order reads:

"Good cause appearing therefor, and pending the hearing of the motion filed on May 14, 1937, to modify the decree entered in the above entitled court on April 18, 1935, relative to the custody and support of Tyler Abell, the minor child of the parties. It is ordered that the sole and exclusive care, custody, and control of the minor child of the parties, to-wit, Tyler Abell, is hereby ordered to the plaintiff until further order of the Court.

"[Signed] Thomas F. Moran. District Judge."

On May 24, 1937, applicant made a motion in said court for an order vacating and setting aside the foregoing order as unauthorized and void. The court denied applicant's motion.

Because the application for the writ of certiorari was

not verified by the applicant but by one of his attorneys, respondents contend that it was not made by the party beneficially interested. Dismissal of the writ is urged on this account. But the application is made by the person beneficially interested, to wit, the father of the minor child, through one of his attorneys. Verification by the attorney is not improper under the facts stated in the application. The statute does not require the affidavit to be made by the party beneficially interested. In this regard it reads: "The application shall be made on affidavit by the party beneficially interested." Section 9232 N. C. L.

Section 8620 N. C. L. provides, in part: "And where a pleading is verified, it shall be by the affidavit of the party, unless he be absent from the county where the attorneys reside, or from some cause unable to verify it, or the facts are within the knowledge of his attorney or other person verifying the same. When the pleading is verified by the attorney, or any other person except the party, he shall set forth in the affidavit the reasons why it is not made by the party."

■■ The application in certiorari proceedings is a pleading. Madison v. Piper, 6 Idaho, 137, 53 P. 395. In the instant case it shows that the party is absent from the county where his attorney, the affiant, resides; further, that the affiant is better informed relative to the facts and matters stated in the application.

Applicant asserts that the respondent court was without jurisdiction to make the order of May 14th awarding the exclusive care, custody, and control of the minor child to the respondent Luvie Moore Abell. At the time the order was made, applicant, under the terms of the decree, was entitled to the custody of the child, for the ensuing six months, and the order depriving him of this right was made without notice and also without affidavit or evidence of any kind. True, the statute empowering the court to change the custody of minor children does not provide for notice to the adverse party. It reads:

"The court, upon good cause shown, may change the custody of such minor children, if they should be satisfied that such change will be for the welfare of such children." Section 9462 N. C. L.

The necessity, however, for giving notice in such a case finds general support in the authorities dealing with the question under statutes of a similar character. Blachly v. Blachly, 169 Iowa, 489, 151 N. W. 447; Rogers v. Rogers, 51 Ohio St. 1, 36 N. E. 310; Shallcross v. Shallcross, 135 Ky. 418, 122 S. W. 223; Kendall v. Kendall, 5 Kan. App. 688, 48 P. 940, 941; In re Culp, 2 Cal. App. 70, 83 P. 89; Phillips v. Phillips, 24 W. Va. 591; Gitsch v. Wight, 61 Utah, 175, 211 P. 705; Purdy v. Ernst, 93 Kans. 157, 143 P. 429; 19 C. J. 352.

Thus, in Blachly v. Blachly, supra, under a similar provision, the court held that notice of a change of custody was necessary, saying: "It is conceded by counsel for both parties, as of course it must be, that this section makes no provision for giving notice. But notices must be given. * * * But it cannot be seriously contended that a decree of divorce could be modified upon the application of one party and alimony increased or decreased, or the custody of the children changed, without notice to the other party."

The writ of certiorari was sustained.

■ The rule is thus stated in 19 C. J. 352; that proper notice of an application to modify a decree of divorce as to the custody of a minor child should be given to the adverse party, whether required by statute or not.

■ The question of the right of the parents to the custody of the minor child involved the determination of a substantive right. This was litigated and determined in the divorce proceeding. The decree in this respect was final on the conditions then existing, but this did not prevent a subsequent adjudication of the matter. An opportunity for the adverse party to be heard, however, was of the essence of any such proceeding. The denial of this was a denial to petitioner of his day in court.

If the order had been made on the motion of Luvie Moore Abell, it would have been the duty of the court to have denied it under rule 10 of the rules of the district court (4 N. C. L. p. 2477). It will be observed that the exceptions in said rule are cases where no substantive rights are involved.

For the reasons we have given, the court was equally prohibited from making the order on its own motion without notice. Purdy v. Ernst, supra. The court in that case said: "This jurisdiction [the jurisdiction to award custody of minor children in a divorce case] may be invoked by any one interested in the custody of the children, or may be exercised by the court on its own motion. * * * Persons claiming an interest in the custody of the children, adverse to the motion to modify the original judgment, should be notified, and they may appear and produce evidence, and may appeal."

The section of the Civil Code of Practice of Kansas authorizing the court after a divorce is granted to modify or change any order concerning the custody of the children does not provide for notice.

Not only was there no notice to applicant of the order of May 14, it was made without affidavit or evidence of any kind. The decree as to the custody could not be modified save upon a proper showing. The statute itself provides that good cause must be shown. In 19 C. J. 350, 351, the rule is thus expressed: "To justify a modification of the decree awarding custody of children there must be shown a change of circumstances, or the discovery of new facts which were unknown to the applicant at the time the decree was entered, and which could not have been ascertained with reasonable diligence."

See authorities cited in note 38 to the text.

Again, in 9 R. C. L. pp. 476, 477: "A decree fixing the custody of a child, is, however, final on the conditions then existing, and should not be changed afterwards unless on altered conditions since the decree, or

on material facts existing at the time of the decree, but unknown to the court, and then only for the welfare of the child."

As stated by an eminent authority: "Proceedings for modification (as to custody) are in the nature of new proceedings and require proper notice to the opposite party, and new evidence not available in the divorce suit." 2 Schouler, Marriage and Divorce (6th ed.), sec. 1899.

■ The fact stressed by respondent that the order of May 14 was conditioned to be in effect pending the hearing of the motion filed at that time and therefore in its nature interlocutory does not alter the case. A change of custody after a decree may not be made at all except on notice and new evidence. Gitsch v. Wight, et al., 61 Utah, 175, 211 P. 705, 706. The order changing the lawful custody of the minor child in the foregoing case was a temporary order designed to be in effect pending a hearing on a motion for a change of custody and was made without notice or opportunity to be heard. The court said: "The principle to be vindicated in this proceeding is one of far greater importance in the administration of justice than merely to determine which of two litigants shall have the custody of a minor child. The question goes to the very foundation of judicial proceedings, without which the rights of litigants cannot be judicially determined. That every person has a right to his day in court and an opportunity to be heard before he can be deprived of a justiciable right is too elementary for discussion, much less to invoke the citation of authority. The right of a party to the custody of a child is just as sacred as the right of property."

The order was annulled.

■ There is no merit in respondents' claim that applicant is estopped from seeking the writ because he moved to vacate the order and afterwards consented to the setting of the motion to modify the decree for hearing.

City of Los Angeles v. Eighth Judicial District Court, 58 Nev. 1, 67 P. (2d) 1019.

The contention that the writ should not be granted because applicant had a remedy by appeal is also without merit. It would not have been adequate under the circumstances.

An order of this court has been made annulling and setting aside said order of May 14, 1937.