HUGER *v.* HUGER.

1. DIVORCE—PRO CONFESSO DECREE—MODIFICATION OF DECREE—
   CUSTODY OF CHILDREN.
   The statutory right of either party to suit for divorce to ask
   for modification of decree with reference to custody, support
   and maintenance of a minor child is not affected by the fact
   that the decree was obtained *pro confesso* (3 Comp. Laws
   1929, § 12739, and Rev. Stat. 1846, chap. 84, § 17a, as added
   by Act No. 255, Pub. Acts 1939).

---

* See 2 Comp. Laws 1929, § 9239 (Stat. Ann. § 19.11).—REPORTER.

2. SAME—CUSTODY OF CHILDREN—CONTINUING RIGHT OF EACH PARENT.

Since the welfare of children of divorced parents is of paramount importance, there remains a continuing right and interest on the part of each in the custody of the children incidental to which either may bring to the attention of the court circumstances affecting the matter of custody (3 Comp. Laws 1929, § 12739, and Rev. Stat. 1846, chap. 84, § 17a, as added by Act No. 255, Pub. Acts 1939).

3. SAME—CUSTODY OF CHILDREN—NOTICE OF HEARING ON PETITION TO MODIFY.

When one party to suit for divorce petitions for modification of decree respecting custody of children, the other party is entitled to the opportunity to be heard irrespective of whether a default was entered in the original suit as to either party (3 Comp. Laws 1929, § 12739, and Rev. Stat. 1846, chap. 84, § 17a, as added by Act No. 255, Pub. Acts 1939).

4. CONSTITUTIONAL LAW—DUE PROCESS—MODIFICATION OF DIVORCE DECREE—CUSTODY OF CHILDREN.

In a proceeding to modify a divorce decree in any manner affecting the custody of the children of the parties, due process of law requires the giving of notice to and affording a reasonable opportunity to other spouse to appear and present proofs if desired (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, § 16).

5. DIVORCE—MODIFICATION OF DECREE—NOTICE—EVIDENCE.

Proceedings for modification of a divorce decree are in the nature of new proceedings and require proper notice to the opposite party, and new evidence not available in the divorce suit.

6. SAME—CUSTODY OF CHILDREN.

The right of a party to a suit for divorce to the custody of a child is just as sacred as the right of property.

7. SAME—MODIFICATION OF DECREE—CUSTODY OF CHILDREN—NOTICE.

Notwithstanding statute authorizing modification of decree respecting custody of children of divorced parents may make no provision for giving of notice of proceedings for such purpose, such notice must be given (3 Comp. Laws 1929, § 12739, and Rev. Stat. 1846, chap. 84, § 17a, as added by Act No. 255, Pub. Acts 1939).

8. SAME—MODIFICATION OF DECREE—MARITAL STATUS.

Where marital status is not affected by amended divorce decree, a motion to vacate the decree does not affect such status.

9. SAME—MODIFICATION OF DECREE—CUSTODY OF CHILDREN—NOTICE.
   Amended decree of divorce changing custody of child from
   mother to child's maternal aunt was void where father was
   not served with notice of hearing on petition for modification.

10. SAME—COSTS.
   No costs are allowed father of child upon reversal of order
   denying motion to set aside a void amended divorce decree
   changing custody of child from mother to maternal aunt
   (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, § 16).

Appeal from Washtenaw; Toms (Robert M.), J., presiding. Submitted October 4, 1945. (Docket No. 44, Calendar No. 43,157.) Decided December 3, 1945.

Divorce proceedings by Ina M. Huger against George F. Huger. On motion of defendant to set aside amended decree. Motion denied. Reversed.

*William M. Laird,* for plaintiff.

*Burke, Burke & Smith* and *Jacob F. Fahrner,* for defendant.

CARR, J. The defendant in this case appeals from an order of the circuit judge denying a motion to vacate and set aside an amended decree of divorce. The facts are not in dispute. The plaintiff, on August 25, 1944, filed her suit against defendant for the purpose of obtaining an absolute decree of divorce. Process was issued and served, defendant was defaulted for nonappearance and a decree of divorce was taken against him *pro confesso,* on October 31, 1944. By the terms of the decree custody of the minor child of the parties, now eight years of age, was given to the plaintiff, and defendant was ordered to pay $30 per week for the support of plaintiff and the child until said child becomes 17, or until the further order of the court. Disposition

was also made of the property interests of the parties.

Following the entry of the decree and on December 13, 1944, plaintiff presented to the circuit judge a petition asking for the modification of the decree in such manner and form as to give the custody of the child to plaintiff's sister, Mrs. Myrnah Mullison. The petition recited that the physical condition of plaintiff was such as to interfere with her care of said child, and also alleged that Mrs. Mullison was a fit and proper person and was willing to assume the responsibility. Thereupon an amended decree was entered in accordance with the prayer of the petition, changing the custody of the child from the mother to the aunt. The original decree was further modified by providing that if the death of the plaintiff should occur before the child becomes 17 years of age the weekly payments should be reduced from $30 to $10. The amended decree is dated December 13, 1944, and was filed on the following day.

No copy of the petition for modification was served on defendant, nor was he given any notice of hearing. Within a few days after the amended decree was filed he was advised of the action taken. Mrs. Huger deceased in February, 1945. Up to that time the child had remained with her in the home of the maternal grandparent. In March, Mrs. Mullison assumed actual custody and, presumably, the boy has continued to live with her until the present time. Thereafter, and early in May, 1945, defendant submitted his motion to vacate the amended decree. The matter, because of the illness of the circuit judge who had entered the decree, was brought on for hearing before another judge then holding court in the circuit. Thereupon the order was entered from which this appeal has been taken. Notice of the hearing on the motion to dismiss was served by de-

fendant on Mrs. Mullison, on the prosecuting attorney of the county, and on counsel who had represented Mrs. Huger in the divorce action. Mrs. Mullison, through her attorney, opposed the motion and is actually the appellee in the proceeding in this court.

On behalf of the appellant it is claimed that the amended decree was wholly void because of the omission to serve notice on appellant and to give him an opportunity to be heard. It is insisted, in substance, that due process of law, as guaranteed by the State Constitution* and the Fourteenth Amendment to the Federal Constitution, requires such notice and such opportunity under the circumstances here involved. It is further claimed that appellant is not precluded from asking or obtaining such relief because of the death of Mrs. Huger. Counsel for appellee insists that because defendant did not enter his appearance in the divorce case he was not entitled to notice of the proceeding to modify; that, in consequence, the amendment was properly made and, further, that it was not subject to attack after the death of the plaintiff in the case.

Under the statutes of the State relating to divorce proceedings a provision in a decree with reference to custody, support and maintenance of a minor child is subject to modification by the court granting such decree.† Either party to the cause may ask for modification in such regard; nor does the fact that the decree of divorce was obtained *pro confesso* affect the right. *Sweeney* v. *Sweeney,* 196 Mich. 240. Obviously, it is the intent of the law that the welfare

---

* See Mich. Const. 1908, art. 2, § 16.—REPORTER.

† See 3 Comp. Laws 1929, § 12739 (Stat. Ann. § 25.97), and Rev. Stat. 1846, chap. 84, § 17a, as added by Act No. 255, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 12739–1, Stat. Ann. 1945 Cum. Supp. § 25.97 [1]).—REPORTER.

of a child or children of divorced parents is of paramount importance. So far as the custody of a minor child is concerned, there is a continuing right and interest on the part of each parent. As incidental thereto either may bring to the attention of the court granting the decree any change in circumstances affecting the matter of custody. When such right is exercised by one parent, by petition to amend the decree in such manner as to affect the minor child, the other parent must be held entitled to the opportunity to be heard. Logically, the fact that a default was entered in the original suit cannot affect such right. It is scarcely consistent to say that the defaulted party may himself seek a modification because of the interest he has in the welfare of his child but is not entitled to be heard in the event that the other party seeks to have the custody changed in some way.

It has been repeatedly held that in a proceeding to modify a divorce decree in any manner affecting the custody of the children of the parties to the case, due process of law requires the giving of notice and affording a reasonable opportunity to appear and present proofs if desired. The general rule is stated in 2 Schouler, Marriage, Divorce, Separation and Domestic Relations (6th Ed.), § 1899, as follows:

"Proceedings for modification are in the nature of new proceedings and require proper notice to the opposite party, and new evidence not available in the divorce suit."

In *Gitsch* v. *Wight*, 61 Utah, 175 (211 Pac. 705), the original decree gave custody of a minor child to the father. Subsequently, the mother filed her petition asking for modification so as to award her the custody and control of such child. The petition also prayed for temporary custody pending the final de-

termination of the case. This was granted and an order entered changing the custody without giving notice to the father. In a proceeding brought by the latter to set aside the order, he was held entitled to relief. The court said:

"The plaintiff had an indubitable right as a first step on his part to challenge the validity of the order by which he was deprived of the custody of his child. It may be, on a hearing regularly and duly had after proper notice, that the court should in its discretion award the custody and control of said child to its mother. That is not a question which concerns us in the instant case. Nevertheless the principle to be vindicated in this proceeding is one of far greater importance in the administration of justice than merely to determine which of two litigants shall have the custody of a minor child. The question goes to the very foundation of judicial proceedings, without which the rights of litigants cannot be judicially determined. That every person has a right to his day in court and an opportunity to be heard before he can be deprived of a justiciable right is too elementary for discussion, much less to invoke the citation of authority.

"The right of a party to the custody of a child is just as sacred as the right of property."

To the same effect see *Blachly* v. *Blachly,* 169 Iowa, 489 (151 N. W. 447); *Abell* v. *Second Judicial District Court,* 58 Nev. 89 (71 Pac. [2d] 111); *King* v. *King,* 59 N. D. 688 (231 N. W. 846); *Gordon* v. *Gordon,* 196 Miss. 476 (17 South. [2d] 191); *Phillips* v. *Phillips,* 24 W. Va. 591. In 76 A. L. R. 253, and following, numerous cases relating to this subject are cited and discussed.

In the *Blachly Case* the court said:

"Sec. 3180 of the Code provides that when a divorce is decreed, the court may make such order in

relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects, when circumstances render them expedient. It is conceded by counsel for both parties, as, of course, it must be, that this section makes no provision for giving notice. But notice must be given. *Hamman* v. *Van Wagenen,* 94 Iowa, 399 (62 N. W. 795).

"It is true that in that case the modification of the decree was made by a judge in vacation, and without notice. But it cannot be seriously contended that a decree of divorce could be modified upon the application of one party and alimony increased or decreased, or the custody of children changed, without notice to the other party. Counsel for defendants say that the removal from the State by one or both parties to a divorce decree does not extinguish the jurisdiction of the court entering said decree to subsequently modify the same, citing, *Andrews* v. *Andrews,* 15 Iowa, 423. And that jurisdiction to modify a decree of divorce with respect to the custody of children inheres in the court granting said decree, and, for the purpose of considering the question of such modification, the parties are considered in law to be in court at all times, and that only a reasonable notice to the parties to be affected is required (citing cases).

"These propositions are not disputed by plaintiff. Conceding their correctness, for the purposes of this case, still notice must be given."

The holding of the Iowa court was cited with approval in *Abell* v. *Second Judicial District Court, supra,* the court saying:

"True, the statute empowering the court to change the custody of minor children does not provide for notice to the adverse party. It reads: 'The court, upon good cause shown, may change the custody of such minor children, if they should be satisfied that

such change will be for the welfare of such children.'
Section 9462 N. C. L.

"The necessity, however, for giving notice in such
a case finds general support in the authorities deal-
ing with the question under statutes of a similar
character. *Blachly* v. *Blachly,* 169 Iowa, 489 (151
N. W. 447); *Rogers* v. *Rogers,* 51 Ohio St. 1 (36 N.
E. 310); *Shallcross* v. *Shallcross,* 135 Ky. 418 (122
S. W. 223); *Kendall* v. *Kendall,* 5 Kan. App. 688 (48
Pac. 940, 941); *In re Culp,* 2 Cal. App. 70 (83 Pac.
89); *Phillips* v. *Phillips,* 24 W. Va. 591; *Gitsch* v.
*Wight,* 61 Utah, 175 (211 Pac. 705); *Purdy* v. *Ernst,*
93 Kan. 157 (143 Pac. 429); 19 C. J. p. 352."

In the recent decision of this court in *Metzinger*
v. *Metzinger,* 310 Mich. 335, the rule as declared by
the foregoing decisions, and other cases of like im-
port, was impliedly recognized, the court saying:

"As above noted, defendant was timely served
with a copy of plaintiff's petition and notice of the
time and place of hearing. This is all that is re-
quired under the rules and practice of courts in this
jurisdiction."

In the case at bar no question is involved as to the
original decree of divorce. The marital status of
the parties was not affected by the amended decree.
In consequence the motion to vacate does not affect
such status. The case of *Zoellner* v. *Zoellner,* 46
Mich. 511, cited by counsel for appellee, is readily
distinguishable from the case at bar. There the de-
fendant, nearly nine years after the granting of the
decree of divorce and after the death of the com-
plainant, made application to set aside the decree
on the ground of fraud. The purpose of such appli-
cation was to enable her to share in the distribution
of plaintiff's estate. The relief sought was denied,
the court holding that plaintiff's proper course, if
she was entitled to assail the decree at all, was to

proceed by a new suit with proper parties represent-
ing the property interests that might be affected.
In the instant proceeding the appellant, by direct
attack, seeks to set aside the amended decree on the
ground that its entry was beyond the power of the
court; that it was in consequence wholly void, and
that he is not precluded from seeking and obtaining
such relief. On the basis of the facts involved here
and, under legal principles applicable to and con-
trolling in the case, he is entitled to the relief sought.
The amended decree is void, and appellant has the
right to ask that it be dealt with accordingly. As
stated above, the original decree is not affected.

The order denying the motion is set aside and the
amended decree vacated, but without costs.

Starr, C. J., and North, Butzel, Bushnell,
Sharpe, Boyles, and Reid, JJ., concurred.