LEONARD, APPELLANT, *v.* HOPPINS, RESPONDENT.

No. 8807.

Submitted March 16, 1948. Decided April 8, 1948.

191 Pac. (2d) 990.

Mr. Arlie M. Foor, of Wolf Point, and Mr. John Marriott Kline, of Glasgow, for appellant. Mr. Kline argued the cause orally.

Mr. Frank M. Catlin, of Wolf Point, for respondent. Mr. Catlin argued the cause orally.

MR. CHIEF JUSTICE ADAIR delivered the opinion of the court.

This is an appeal from an order modifying the terms of a divorce decree.

Armordos Hoppins and Lena Hoppins were husband and wife residing in Plentywood, Montana. They are the parents of an infant daughter Geanette and an infant son Gerald.

In an action for divorce brought by Lena against Armordos a decree of absolute divorce was entered November 15, 1946, in the district court of the fifteenth judicial district of the state of Montana in and for the county of Sheridan.

The decree recited that the parents had mutually agreed that the party having custody of the children should have the responsibility of their maintenance, care and support, but the decree made no award of or provision for such custody. Following the decree Lena and the two children resided in a house in Plentywood owned by Armordos.

In June 1947 Lena married Wilbur Leonard and removed with him to Froid. Lena then filed in said district court a petition asking that the decree of divorce be modified so as to award her the custody, control and care of her two children, then aged three and six years, respectively.

The petition, duly noticed, came on for hearing before the Honorable Vernon Hoven, judge of the aforesaid district court,

and witnesses on behalf of both plaintiff and defendant were examined and thereafter the court on August 16, 1947, ordered and adjudged that the original decree theretofore entered be "modified and the plaintiff herein, Lena Hoppins Leonard, is awarded the care, custody, and control of Geanette Hoppins and Gerald Hoppins, with the right of visitation on the part of Armordos Hoppins, their father, at all reasonable times and hours."

Incorporated in the said order and decree of August 16, 1947 were findings that both Lena and Armordos are fit and proper persons to have the responsibility of maintenance, care and support of the children; that "on the 30th day of June, 1947, the plaintiff herein was married to Wilbur Leonard and since the date has removed from the Town of Plentywood, and the house owned by Armordos Hoppins and furnished to the plaintiff herein as a residence for herself and said minor children, and has taken up residence with her husband in the Town of Froid, Montana, where she has a modern house, sufficiently large to make a comfortable and adequate home for herself and the aforementioned minor children; that the plaintiff does not now work nor does she intend to work outside the home but intends, if awarded the custody of the aforementioned minor children, to remain at home and provide proper care and training for said minor children; and that the husband of the plaintiff herein is willing to have the said minor children remain with their mother as a part of their present home; * * *

"Wherefore, the court makes conclusions of law as follows:

"I. That the minor children of Lena Hoppins Leonard and Armordos Hoppins, are of tender years and need the care and attention which only a mother, devoting her full time to their training, can give them;

"II. That the plaintiff herein, Lena Hoppins Leonard, is a fit and proper person to have the custody and control of said minor children to be placed in the care, custody, and control of their mother, Lena Hoppins Leonard; * * *."

The foregoing findings, conclusions and decrees were duly filed and entered August 18, 1947.

Thereafter on September 15, 1947, without notice to either plaintiff or defendant and without giving plaintiff an opportunity to be heard and plaintiff making no appearance whatever, the said district judge made and caused to be filed and entered an order modifying the decree dated August 16, 1947 by providing:

"It is Ordered Adjudged And Decreed, that the order modifying the decree heretofore rendered, to-wit: dated the 16th day of August, 1947, wherein the Plaintiff was given the custody of the two minor children, namely, Geanette Hoppins and Gerald Hoppins, subject to the right of the Defendant for reasonable visitation, be, and the same is hereby modified to read as follows: That the plaintiff have custody of the said child, namely the girl, with right of the defendant for visitations at reasonable times and places, that the plaintiff shall be chargeable with said maintenance of said child. That the defendant have the custody of the said child, namely the boy, with the right of the plaintiff to visitations at reasonable times and places, that the defendant shall be chargeable with said maintenance of said child.

"It Is Further Ordered, Adjudged And Decreed, that neither the plaintiff nor the defendant shall remove the said minor children from the jurisdiction of this Court without first giving notice to this Court and to the Defendant or the Plaintiff."

On September 29, 1947 the plaintiff Lena filed in said court a motion to vacate the said order of September 15, 1947 as a null and void attempt by the trial court to correct sua sponte alleged judicial errors in its findings, conclusions and decree.

By order filed October 31, 1947, the trial court denied plaintiff's aforesaid motion to vacate. This is an appeal from such order.

The district court on August 16, 1947 gave and rendered its ▮▮▮ judgment in strict conformity with its express findings of fact and conclusions of law incorporated in and made a part of such judgment. Thereafter that court was without authority

to make another and different decree without notice to or petition from either plaintiff or defendant. "When the court has once rendered its judgment as intended, though it may be erroneous, it becomes final, and must stand until it has been revised and corrected by some method pointed out by the statute." State ex rel. Smith v. District Court of Fergus County, 55 Mont. 602, 179 Pac. 831, 833. Also see Kline v. Murray, 79 Mont. 530, 541, 257 Pac. 465, and State ex rel. Union Bank & Trust Co. v. District Court, 108 Mont. 151, 156, 91 Pac. (2d) 403.

"In proceedings for the modification of orders, judgments, or decrees in divorce relative to the custody of minor children, it has been generally held that proper notice to the adverse party and an opportunity to be heard are required, whether or not provided for by statute." 17 Am. Jur., Divorce and Separation, sec. 685, pp. 519, 520.

"The reason for the rule is manifest. If upon the application of these defendants, the court could change the judgment to the prejudice of the plaintiff, it could thereafter on the application of the plaintiff again change it to the prejudice of the defendants, and continue that practice indefinitely, so that the litigants never would know when their rights were finally adjudicated." Merhar v. Powers et al., 73 Mont. 451, 455, 236 Pac. 1076, 1077. See: Gitsch v. Wight, 61 Utah 175, 211 Pac. 705; State ex rel. Davis v. Achor, Ind. Sup., 75 N. E. (2d) 154, 158; Huger v. Huger, 313 Mich. 158, 20 N. W. (2d) 848; Abell v. District Court, 58 Nev. 89, 71 Pac. (2d) 111; Blachly v. Blachly, 169 Iowa 489, 151 N. W. 447; King v. King, 59 N. D. 688, 231 N. W. 846; Gordon v. Gordon, 196 Miss. 476, 17 So. (2d) 191; Phillips v. Phillips, 24 W. Va. 591; Cummer v. Cummer, 283 Ill. App. 220; Ex parte Saunders, 76 Cal. App. (2d) 635, 173 Pac. (2d) 818; Bestel v. Bestel, 153 Or. 100, 44 Pac. (2d) 1078, 53 Pac. (2d) 525; 2 Schouler, Marriage and Divorce, 6th Ed., sec. 1899, 19 C. J. 350, 351; 27 C. J. S., Divorce, sec. 317.

The order filed September 16, 1947 and the order filed October 31, 1947 are annulled and set aside and the judgment and de-

cree dated August 16, 1947 and filed and entered August 18, 1947 is reinstated and declared to be in full force and virtue.

Associate Justices Choate, Gibson, Angstman and Metcalf concur.